## THE STATE v. N. J. HENDERSON, Appellant.

### Division Two, June 1, 1912.

1. **CARNAL KNOWLEDGE: Two or More Acts: Election.** In the prosecution of an accused for statutory rape of an unmarried female of previously chaste character between the ages of fourteen and eighteen years, the State must stand on the first act of intercourse alone, because after the first act prosecutrix is no longer of chaste character. There is no need of an election.

2. ————: ————: **Instruction: Previously Chaste Character.** An instruction which requires the jury to find that prosecutrix was of previously chaste character at the time of the sexual relation, at any time within three years before the filing of the indictment, is not error though there was evidence of more than one act, if there is testimony that the first act was within the said three years.

3. ————: ————: ————: ————: **Before Fourteen.** Nor is it error because, covering three years, it included a period before prosecutrix was fourteen years old, when there is no evidence of any sexual act committed before she was that old.

4. **MOTION TO QUASH.** A motion to quash the information cannot be considered if it is not preserved in the bill of exceptions.

5. **CARNAL KNOWLEDGE: Evidence of Separate Acts.** Although a defendant charged with statutory rape upon an unmarried female of previously chaste character between the ages of fourteen and eighteen years, can be convicted for only the first offense, it is not error to permit testimony of subsequent acts. Such subsequent acts are not separate crimes, but are only corroboratory of the first act.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*M. R. Lively* for appellant.

(1) The motion to quash the information is not preserved in this bill of exceptions, but is incorporated in the record. This information is so drafted that it charges the defendant with an assault upon Doreene Decatur, and also charges him with the crime of carnal knowledge of Doreene Decatur, an unmarried female of previous chaste character between the ages of fourteen and eighteen years; all in one count and is multifarious for that reason. State v. Nichols, 124 Mo. App. 330; State v. Hedrick, 179 Mo. 300; State v. Boyd, 108 Mo. App. 518; State v. Harroun, 199 Mo. 519. (2) The court erred in overruling defendant's written request to require the State to elect on which act it would proceed and stand and go to the jury, after the prosecuting attorney had made his opening statement to the jury of what all the testimony in behalf of the State would be; the prosecuting attorney evidencing his familiarity with the testimony, the court was then advised of what the testimony would be; it was the duty of the court to act at that time and protect the defendant's rights. The defendant could only be convicted of one act, each act being a separate and distinct crime and offense; it being improper to admit

evidence of any act after the act upon which the State
would stand and go to the jury on. State v. Palmberg,
199 Mo. 249; State v. Pruitt, 202 Mo. 51. (3) The
court erred in overruling defendant's request to re-
quire the State to elect upon which act of carnal knowl-
edge the State would stand and go to the jury upon·
after the prosecutrix had been placed upon the witness
stand in behalf of the State and had been examined
and her examination completed by the prosecuting at-
torney, and she had made a statement of all the acts
and facts in the case, and was tendered to the defend-
ant's counsel for cross-examination, before such cross-
examination was made. The information contained
but one count; defendant had a right to know at that
'time upon which act and which offense he should be
required to defend, and meet it with evidence. State
v. Palmberg, 199 Mo. 243; State v. Pruitt, 202 Mo. 51;
People v. Geness, 5 Mich. 305; State v. Achison, 91 Me.
240; People v. Clark, 133 Mich. 112. (4) The court
erred in admitting evidence of acts by the prosecutrix
after the first act testified to, or any act prior to the
date she was fourteen years of age, as the statute
would make the same act a higher offense than that
with which the defendant was charged. R. S. 1909, sec.
4471; Sec. 22, art. 2, Constitution; State v. Murphy,
141 Mo. 267; State v. Plant, 209 Mo. 307. (5) The
court erred in permitting the prosecutrix to testify to
several complete acts at different dates, covering a
period of more than one and one-half years; after the
first act and deflowering, the prosecutrix was no longer
of chaste character. State v. Palmberg, 199 Mo. 233;
State v. Pruitt, 202 Mo. 53; State v. Kelly, 191
Mo. 680; State v. Goodale, 210 Mo. 275; Peo-
ple v. Flaherty, 162 N. Y. 352; State v. McMa-
hon, 234 Mo. 611; State v. Schenk, 238 Mo. 429. (6)
The court erred by not directing the jury by its in-
structions that it could only find the defendant guilty
of but one act under the information. State v. Pruitt,

202 Mo. 52. (7) The court erred in giving instruction of its own motion, 2, over defendant's objection. Said instruction permitting the jury to find the defendant guilty of any act of carnal knowledge within three years prior to the 27th day of April, 1911, after admitting testimony of several acts, and complete acts, of carnal knowledge as testified to by the prosecutrix, and not limiting the jury to any one act of any date, but permitting the jury to ramble through, and some find on one act, and some on another. State v. Pruitt, 202 Mo. 51; State v. Kelley, 191 Mo. 680; State v. Goodale, 210 Mo. 275; State v. McMahon, 244 Mo. 611; State v. Schenk, 238 Mo. 429.

*Elliott W. Major,* Attorney-General, and *Campbell Cummings,* Assistant Attorney-General, for the State.

(1) The information follows the language of the statute which individuates the crime, and clearly charges every element necessary to constitute the defense. It does not charge two crimes, viz.: One of assault and a different crime of carnal knowledge in one count, but merely charges carnal knowledge in the usual language of the approved precedents of this court. R. S. 1909, sec. 4472; State v. McCullough, 171 Mo. 576; State v. Hunter, 171 Mo. 439; State v. Hall, 164 Mo 528; State v. Knock, 142 Mo. 515. (2) The motion to quash is not found in the bill of exceptions, but appears in the record proper, so it cannot be considered by this court, as it is not a part of the record proper. To preserve it and the action of the trial court thereon for review, it must be embodied in the bill of exceptions. State v. Finley, 234 Mo. 603; State v. Wooley, 215 Mo. 675; State v. Tooker, 188 Mo. 438; State v. Finley, 193 Mo. 202; State v. Coleman, 199 Mo. 112. (3) In a carnal knowledge case over fourteen years of age, only the first act of sexual intercourse makes the offense, and therefore, notwithstanding the evi-

dence may show any number of such acts, the evidence will prove but one offense, that being the first act. State v. Schenk, 238 Mo. 429; State v. McMahon, 234 Mo. 611. So, consequently, the evidence could never prove but one offense, and a motion to elect, necessarily, would not lie. State v. Soper, 207 Mo. 502; State v. Rawlins, 186 Mo. 501; State v. Williams, 191 Mo. 205; State v. Palmberg, 199 Mo. 233. (4) Proof of subsequent acts is admissible by way of corroboration or explanation of the act on which the indictment is based, unless such subsequent acts are too remote. 33 Cyc. 1483; Leedom v. State, 81 Neb. 585; People v. Castro, 133 Cal. 11; People v. Morris, 3 Cal. App. 1; People v. Soto, 11 Cal. App. 431; State v. Sebastian, 81 Conn. 1; State v. Forsyth, 99 Ia. 1; State v. Stone, 74 Kan. 189; State v. Brown, 116 Pac. (Kan.) 508; State v. Robinson, 32 Ore. 43; Sykes v. State, 112 Tenn. 572; Reg. v. Rearden (Eng.), 4 F. & F. 6. (5) Instruction 2 does not commit the error mentioned in State v. Schenk, 238 Mo. 429; State v. Pruitt, 202 Mo. 49, and State v. Palmberg, 199 Mo. 233.

FERRISS, P. J.—The defendant was convicted in the circuit court of Jasper county, April term, 1911, of having carnal knowledge of Doreene Decatur, an unmarried female of previously chaste character between the ages of fourteen and eighteen years, and sentenced by the court to two years in the penitentiary.

The evidence on the part of the State tended to prove that the prosecutrix, who resided with her parents at Webb City, was between fourteen and eighteen years of age at the time of the commission of the alleged offense, and that defendant was a mute, married, about fifty-two years of age, and carried on a shoe repairing shop in said city. The prosecutrix testified that it has been her custom to carry shoes for her mother and neighbors to defendant's shop for repairs for about a year and a half before the filing of the in-

formation, and that defendant had intercourse with her, in a room back of his shop, three or four times in the early part of 1911. On cross-examination, however, she stated that he had committed the act but twice, the last time about March 29 to 30, 1911, and the first time, two or three weeks earlier. The last time the act was committed, the girl, as she admitted, made the proposal herself.

The prosecutrix further testified that she had never had sexual relation with any boy or man other than the defendant. Her testimony as to her frequent visits to defendant's shop was corroborated by a horseshoer, whose shop was a short distance west of that of defendant, and by an employee of a bakery situated across the street from defendant's shop. These two witnesses testified that when prosecutrix visited the shop they would see defendant go to the door, look up and down the street, and then close the door. This was noticed by them many times.

Defendant testified through an interpreter. He denied that he ever had or attempted to have intercourse with the prosecutrix, or that he ever touched or tried to touch her.

1. The defendant urges error in that the court refused to compel an election by the State, at the close of the testimony of the prosecutrix, of the particular act on which it would stand. The court held that an election would be proper at the close of all the evidence for the State. Both court and counsel proceeded on the wrong theory. In a prosecution for statutory rape upon a female under fourteen years of age, each act of intercourse is a separate felony, and an election is proper at the earliest time when it is apparent that the State can make an intelligent election. [State v. Hurley, 242 Mo. 452.] In the case at bar there is no election. The defendant can be convicted for the first offense only, because then only is the prosecutrix of

chaste character. [State v. Schenk, 238 Mo. 429; State
v. McMahon, 234 Mo. 611.]

2. Defendant claims that the following instruc-
tion given by the court is erroneous:

"No. 2. You are instructed that if you find and
believe from the evidence in this case, beyond a rea-
sonable doubt, that at the county of Jasper and State
of Missouri, on or about the —— day of April, 1911,
or at any time within three years prior to the 27th day
of April, 1911, the date of the filing of the information
in this case, the defendant, N. J. Henderson, did unlaw-
fully and feloniously have carnal knowledge of the wit-
ness, Dorenna Decatur, and if you further find that
said Dorenna Decatur was an unmarried female of the
age of more than fourteen years and less than eigh-
teen years at said time, and further find that said Do-
renna Decatur was of previously chaste character, and
you further find that the defendant was over the age
of sixteen years at the time, you will find the defendant
guilty as charged in the information, and so say by
your verdict."

As the prosecutrix was of chaste character only
when the first act testified to by her was committed,
this instruction necessarily limited consideration by
the jury to such first act. It differs from the instruc-
tion condemned in the Schenk case, supra, in that the
latter related the question of chaste character to the
time charged in the information, and not to the time
when the act was committed. It is further objected
that this instruction, covering three years, included a
period before the prosecutrix was fourteen years old.
As to this objection, it is sufficient to say that there
was no evidence of any act committed before she was
fourteen years old.

3. The motion to quash cannot be considered as
it is not preserved in the bill of exceptions. [State v.
Finley, 193 Mo. 202; State v. Tooker, 188 Mo. 438;

State v. Coleman, 199 Mo. 112; State v. Wooley, 215 Mo. 620.]

4. There was no error in permitting testimony of subsequent acts. They were not separate crimes, but merely corroboratory of the testimony as to the first act. The views expressed in State v. Palmberg, 199 Mo. 243, refer to statutory rape upon a girl under fourteen, when each offense is a separate felony.

We find no reversible error in the record. The judgment is therefore affirmed.

*Kennish* and *Brown, JJ.,* concur.