THE STATE v. DAN HEADY, Appellant.

Division Two, December 20, 1926.

1. **REVIEW: No Evidence Preserved.** Where the bill of exceptions does not contain the evidence produced at the trial, the case is still for review as to the record proper, and any other matters complained of in the bill which can be intelligently considered and disposed of without regard to the evidence.

2. **ROBBING: Information: Verdict.** The information charging robbery, and the verdict based on the information, both of which are set out in full in the opinion, are sufficient in both form and substance.

3. **INSTRUCTION: Alibi: Refusing Defendant's Request.** An instruction telling the jury that "the defendant has interposed as a defense what is

known in law as an alibi, that is, that if the offense was committed, as charged, then he was at the time of the commission thereof at another and different place than that in which such offense was committed, and therefore was not and could not have been the person who committed the same; now, if the evidence raises in your minds a reasonable doubt as to his presence at the place where the offense was committed at the time of the commission thereof, you will find him not guilty," correctly declares the law, and having been given at the request of the State there was no necessity for giving defendant's requested instruction relating to the same subject.

4. **INSTRUCTION: Former Conviction: Refusing Defendant's Request.** The court having at the request of the State given a correct instruction relating to defendant's former conviction and for what purpose it could be considered, it was not error to refuse defendant's instruction covering the same ground.

---

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2506, p. 1063, n. 85; p. 1066, n. 86; 17 C. J., Section 3463, p. 171, n. 31, 34. **Robbery,** 34 Cyc., p. 1811, n. 95; p. 1813, n. 2, 6.

Appeal from Greene Circuit Court.—*Hon. Warren L. White,* Judge.

AFFIRMED.

*North T. Gentry,* Attorney-General, and *Claude Curtis,* Special Assistant Attorney-General, for respondent.

(1) The information was properly drawn and sufficiently informed the defendant of the charge against him. Sec. 3307, R. S. 1919; State v. Roderman, 297 Mo. 143; State v. Affronti, 292 Mo. 53; State v. Eddy, 199 S. W. 186. (2) The verdict was in legal form. State v. Affronti, 292 Mo. 60; State v. Bishop, 231 Mo. 415; State v. Martin, 230 Mo. 691.

RAILEY, C.—On March 31, 1925, the Prosecuting Attorney of Greene County, filed in the circuit court of said county an information, the formal parts of which being omitted, reads as follows:

"H. T. Lincoln, Prosecuting Attorney within and for the County of Greene, in the State of Missouri, under his oath of office informs the court that Dan Heady, late of the county and state aforesaid, on the 6th day of March A. D. 1925, at the County of Greene and State of Missouri, did wilfully, unlawfully and feloniously, in and upon one LeRoy J. Best, make an assault and eighteen dollars, of the value of eighteen dollars, good and lawful money of the United States, the property of the said LeRoy J. Best, from the person and against the will of the said LeRoy J. Best, then and there by putting the said LeRoy J. Best in fear of some immediate injury to his person, violently and feloniously did attempt to rob, steal, take and carry away,

with the intent then and there to permanently deprive the owner of the use thereof and convert the same to the use of him, the said Dan Heady. Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.''

The defendant was arraigned, entered a plea of not guilty, was tried before a jury and on April 9, 1925, the following verdict was returned:

''We, the jury, find the defendant, Dan Heady, guilty as charged in the information, and assess his punishment at imprisonment in the penitentiary for a term of five years.''

Thereafter, on April 11, 1925, defendant filed motions for a new trial and in arrest of judgment. Both motions were overruled and, thereafter, on the same day, allocution was granted, judgment rendered, sentence pronounced in conformity with the verdict, and an appeal allowed said defendant to this court.

On March 31, 1926, appellant filed in this court a duly certified copy of the record proper, and of the bill of exceptions. The latter does not contain the evidence introduced at the trial, but does contain the motion to quash the information, the ruling of the court thereon, and his exception to the action of the court in overruling same. The bill of exceptions contains the instructions, to the giving of which defendant excepted. It likewise contains the instructions asked by defendant and refused by the court, and also sets out an exception to such ruling. The bill of exceptions likewise contains the motions for a new trial and in arrest of judgment, with the exceptions saved to the overruling of same. The case is therefore properly here for review as to the record proper, and as to any of the other matters complained of in the bill of exceptions which can be intelligently considered and disposed of without regard to the evidence offered at the trial.

The questions presented in the foregoing record will be considered in the opinion.

I. The defendant filed no brief in this court, but by his motion in arrest of judgment has challenged the sufficiency of the information. The latter, heretofore set out, has been repeatedly held to be sufficient as to both form and substance. [State v. Dickens, 285 S. W. l. c. 447, and numerous cases cited.]

**Information.**

(a) The verdict is based upon the information and is in proper form. [State v. Dickens, 285 S. W. l. c. 447, and cases cited.]

**Verdict.**

II. Appellant in his motion for a new trial assails the instructions given by the court numbered one, two, three and four, but

**Instructions.** no specific objection is mentioned therein. Upon an examination of said instructions, we are of the opinion that they properly declared the law of the case.

III. The court is charged with error in refusing defendant's requested Instruction A relating to alibi. The court gave Instruction Two, on alibi, as follows:

**Alibi.**

"The defendant has interposed as a defense what is known in law as an alibi, that is, that if the offense was committed, as charged, then he was at the time of the commission thereof at another and different place than that in which such offense was committed, and therefore, was not and could not have been the person who committed the same. Now, if the evidence raises in your minds a reasonable doubt as to his presence at the place where the offense was committed at the time of the commission thereof, you will find him not guilty."

This instruction properly declared the law, and there was no necessity for giving defendant's Instruction A relating to the same subject.

IV. Complaint is made in the motion for a new trial, that the court erred in refusing defendant's offered Instruction B relating to the former conviction of appellant. The court gave Instruction Three, relating to this subject, which reads as follows:

**Former Conviction.**

"The court instructs the jury to consider the evidence of defendant's former conviction, solely for the purpose of discrediting defendant as a witness, and that you are not to consider it as bearing upon the guilt of defendant of the crime charged in the information in this case."

This instruction covered the same ground as that mentioned in said Instruction B, and sufficiently protected defendant's rights. The court committed no error in respect to above complaint.

V. No transcript of the evidence is on file in this court, nor is any complaint made with respect to the action of the court in admitting or excluding evidence. We find no error in the record heretofore set out which would warrant us in disturbing the verdict of the jury in this cause.

**Conclusion.**

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.