STATE OF MISSOURI, Respondent, v. MELVIN DONAHEW KORNEGGER, Appellant, No. 43326—255 S. W. (2d) 765.

Division One, February 9, 1953.

Motion for Rehearing or to Transfer to Banc Overruled, March 9, 1953.

*Morris A. Shenker* for appellant.

970

*J. E. Taylor*, Attorney General, and *E. L. Redman*, Assistant Attorney General, for respondent.

CONKLING, J.—Under Section 563.160, RSMo 1949, the defendant, Melvin Donahew Kornegger, was tried and convicted of the offense of molestation of a certain named minor female child of seven years of age, by the taking of indecent and improper liberties with said minor. He was sentenced to four years' imprisonment in the state penitentiary. From that judgment and sentence he has appealed.

In this court defendant now contends that (1) his motion to quash the Information should have been sustained, (2) certain evidence was erroneously admitted, (3) the court erred in suggesting that a portion of the testimony be clarified by asking further questions of one witness, (4) Instruction No. 2 was reversibly erroneous, and (5) that the court erred in failing to instruct on the law of lewd and lascivious conduct, and the law of common assault. Defendant does not here contend that the facts of record as proved by the State are not sufficient to constitute an offense under the statute in question.

From the testimony the jury could have found that on April 17, 1951, the prosecutrix, then a seven year old girl, lived with her parents at 5019a Ulena Street in the City of St. Louis, Missouri; that while she and another child were at play on the sidewalk in the block down the street from her home, defendant stopped his automobile at the curb nearby and called the prosecutrix into his automobile;

and that opening his trousers in front defendant exposed his person to prosecutrix and had the prosecutrix perform upon him the certain indecent and improper practices disclosed by the record, the legal sufficiency of which, to constitute an offense under the statute, the defendant does not here question;

Defendant told prosecutrix that his name was Don, and that he would return to that same place the next day. Prosecutrix then got out of defendant's car. Defendant then drove away in his automobile. No one knew who he was. Prosecutrix went home and told her mother what had happened, but could not tell anyone who it was that had so mistreated her. Defendant did not return the next day, but did return on the following day, April 19th. When defendant returned to the same place in the same block on April 19th, the prosecutrix again entered defendant's automobile. Defendant again exposed himself to the prosecutrix. The police came immediately and defendant was arrested and taken to the police station. He there made oral confession as to the above.

Appellant's first assignment of error contends that his motion to quash should have been sustained because the Information fails to state an offense under the laws of Missouri, and because the statute in question, Section 563.160, violates Section 2 of Article I of the Constitution.

The above contentions must be denied. This statute, enacted in 1949, provides that (1) if any person, in the presence of any minor shall indulge in any degrading, lewd, immoral or vicious habits or practices, or (2) shall take indecent or improper liberties with such minor, or (3) shall publicly expose his person to such minor in an obscene or indecent manner, or (4) shall by language, sign or touching said minor suggest or refer to any immoral, lewd, lascivious or indecent act, or (5) shall detain or divert any minor with intent to do any of the above acts, such person shall be considered as annoying and molesting said minor and be punished as therein provided. The instant Information charges that on April 17, 1951, in the presence of the named seven year old minor (prosecutrix) defendant took indecent and improper liberties with said minor by exposing to her his private parts and having her rub the same with her hand and did thus annoy and molest said minor, contrary to statute. It is, of course, true that the defendant in a criminal cause has a constitutional right to demand the nature and cause of the accusation against him, and a criminal statute must be sufficiently clear that there can be no doubt as to when such statute is being violated. But we think the statute in question is sufficiently clear and [768] definite in its terms and prohibitions. And it is our view that the Information states an offense under the statute. The statute is in nowise violative of any of the provisions of Section 2 Article I of the Constitution.

In his brief defendant has undertaken a discussion of whether the title of the Act in question complies with the requirements of Section 23 of Article III of the Constitution that the subject of a bill shall be clearly expressed in its title. But in neither his motion to quash the Information, nor in his motion for new trial has defendant preserved his right to have that question considered in this court upon this appeal.

Defendant next contends that the circuit court erred in permitting the statement and proof by the State that when the prosecutrix again entered defendant's automobile on April 19th, that the defendant "showed me the same thing over again", that is, that defendant again on that date and occasion exposed his private parts to prosecutrix. Defendant's contention is that the State was thus permitted to make proof of an independent crime as to which defendant was not then charged.

It may be well observed that just two days before, on April 17th, defendant told prosecutrix that he would return to the same place the next day; and that he then drove away in his automobile and neither the prosecutrix, nor anyone else, knew who he was or how to identify him. Defendant did return on April 19th, and he then again committed the identical offense with the identical little seven year old girl, at the identical place the defendant had appointed; and it was then defendant's arrest was effected and his identity established.

Defendant relies upon State v. Lebo, 339 Mo. 960, 98 S. W. (2) 695, State v. Palmberg, 199 Mo. 233, 97 S. W. 566, and other similar cases which announce the general rule that proof of the commission of a separate and independent crime by the accused is usually not admissible in evidence upon the trial of a crime separately charged.

That rule, however, is limited by the certain following well-recognized exceptions. Where the proof of other offenses may tend to establish motive, or intent, or absence of accident or mistake, or identity of the defendant, or a common scheme or plan embracing the commission of separate similar offenses so interrelated to each other that proof of one tends to establish the other, such other offenses are widely held under these circumstances to be admissible in proof. State v. Garrison, 342 Mo. 453, 116 S. W. (2) 23, 24. And similarly, the exception is often recognized in prosecutions for crimes involving sexual relations such as adultery, incest, sodomy, seduction, rape and lewdness. State v. Richardson, 349 Mo. 1103, 163 S. W. (2) 956, State v. King, 342 Mo. 975, 119 S. W. (2) 277, State v. Henderson, 243 Mo. 503, 147 S.W. 480, State v. Scott, 172 Mo. 536, 72 S.W. 897. In 22 C. J. S., Section 691, page 1160, it is said: "In the case of crimes involving illicit sexual relations or acts, other acts of the same character may ordinarily be shown, not as proof of independent substantive offenses, but as corroborative evidence to show a disposition upon the part of the accused and as tending to support the specific

offense for which he is being tried.'' See authorities there cited. See also, State v. Cason, Mo. Sup. 252 S. W. 688, and cases there cited. In State v. King, supra, we held: ''In these cases - (thereinabove cited) prior (and in some jurisdictions, subsequent) acts of the same kind between the accused and the prosecutrix may be proven as corroborative evidence.''

Defendant argues that in State v. Leon Alexander Klink, 363 Mo. 907, 254 S. W. (2) 650, this court ruled that intent is not a necessary element of the offense here charged. But we think that under the above stated exceptions, and under the instant circumstances, the above stated events which subsequently occurred on April 19 were clearly admissible to establish not only the identity of the defendant and a common scheme and plan as to this prosecutrix but also as ''corroborative evidence to show a disposition upon the part of the accused and as tending to [769] support the specific offense'' for which defendant was on trial. The facts and circumstances of record here clearly show a connection between the two offenses. They tend to establish that the person who committed the offense on the 19th of April, when defendant was arrested, must have committed the offense charged in the Information to have been committed on April 17th. The contention of defendant is without merit and must be denied.

Defendant next contends the court erred in suggesting to the State's attorney that a certain portion of the testimony of the prosecutrix be clarified by asking her further questions. We have carefully read the entire record. And we have re-examined with great care that portion of the record showing the incident of which complaint is here made. The trial judge conducted this trial with the utmost fairness and marked impartiality. He should have done just exactly that. The record shows that the suggestion of the trial judge that further questions be asked was only for clarification purposes, and none other, and was merely such a suggestion as might have been made by any juror who desired further light upon any fact issue of the trial. The entire incident was such, and was handled in such manner, that it cannot be said that the discretion of the trial judge in such circumstances was in anywise abused. The assignment of error is without merit and must be overruled.

It is next assigned as error in the defendant's brief that Instruction 2 improperly stated the law, commented upon the evidence, and urged the jury to return a verdict of conviction. In his motion for a new trial defendant complained that Instruction 2 was erroneous because it ''improperly states the law and is not a complete or accurate statement of the law, and for the further reason that it is a comment on the evidence and urges and implores the jury to convict the defendant, and improperly leads the jury to believe that the court feels there is evidence which would justify a

finding of guilty of child molestation." The assignment in defendant's motion for new trial is insufficient under the statute (Section 547.030) to preserve anything for our review, except possibly that the instruction is a comment on the evidence. And, as to that one thing, the motion for new trial does not "set forth in detail and particularity" wherein the instruction comments on the evidence and for that reason we should not consider it at all.

But we have nevertheless examined the instruction as to that complaint and find such assignment to be wholly without any merit whatever. Defendant's contentions as to Instruction No. 2 are overruled.

■ Defendant next contends that in this case, a prosecution under a special statute enacted for the protection of minors from the various things therein prohibited, the court erred in failing to instruct also upon lewd and lascivious conduct (Section 563.150) and upon common assault (Section 559.220).

But we are not persuaded to that view. This special statute was enacted for the quite plain purpose of protecting minors as a class from any depraved older person who might be inclined to take advantage of and mistreat minors by subjecting them to certain prohibited degrading sexual practices and situations which, if unchecked, inevitably lead children and youth into moral bankruptcy. Quite obviously the General Assembly considered the enactment of this statute to be vital to the public welfare of minors for a violation of the statute was made punishable as a felony. Under these circumstances the two misdemeanor offenses of lewd conduct and common assault do not merge into an offense under the instant statute. It is our conclusion that under these circumstances in a prosecution under this section, defendant is either guilty as charged or he is guilty of no offense at all. And we rule that the trial court did not err in failing to instruct on lewd and lascivious conduct, or upon common assault.

■ We are in entire accord with defendant's counsel that, "prosecutions upon a charge for which there is a human abhorrence must be conducted with scrupulous fairness so as to avoid adding other prejudice to that which the charge itself frequently produces." [770] We have carefully examined the entire record of this trial and find it free from any error. It abundantly appears that defendant was accorded a fair and impartial trial. His every right under the law was safeguarded and he was ably represented by his counsel.

We have examined the record proper. The Information, verdict and judgment are in form and are sufficient. The judgment is responsive. The defendant testified before the jury but upon all the facts and circumstances shown in evidence, the jury returned a verdict of guilty. The punishment the jury assessed is under the maximum fixed in the statute.

The judgment of the circuit court is affirmed. All concur.