**STATE of Missouri, Respondent,**

v.

**Johnson Sterling BROCK, Appellant.**

**No. 44211.**

Supreme Court of Missouri.

Division No. 1.

Dec. 13, 1954.

Lester Watson, Clayton, for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant appeals from judgment of conviction and sentence of ten years for burglary in the first degree. Secs. 560.040, 560.095. Statutory references are to RSMo and V.A.M.S. Defendant alleges error in giving instructions 2 and 6 and in improper argument for the State.

■ The transcript filed by defendant contains no evidence. Therefore, we cannot rule appellant's contention that instruction 2 was erroneous "in that there is no evidence of any intent to commit larceny or any attempt or any complete consummation of any larcenous action" because the evidence is not in the transcript. State v. Heady, 316 Mo. 111, 289 S.W. 564(1). Instruction 6 was: "The court instructs the jury that unless you find beyond a reasonable doubt, from all the facts and circumstances given in evidence, that the defendant was present at the time and place of the alleged burglary, you should acquit the defendant." Appellant contends that this instruction was "an incorrect declaration of the law of alibi" and authorized a conviction if the jury "found that defendant was present at the time and place of the alleged burglary without further instructing and cautioning the jury that they must find beyond a reasonable doubt that he actively participated in the act of burglary." However, instructions 2 and 3 required the jury to find beyond a reasonable doubt that appellant committed the burglary. When the instructions are read together, as they must be, State v. Politte, Mo.Sup., 249 S. W.2d 366, 370(11, 12), it is apparent that there is no merit to this contention.

■ The transcript contains portions of the argument to the jury by the assistant prosecuting attorney but none of the argument of defendant's counsel. The assistant prosecuting attorney stated: "Before I sit down I want to caution you on one thing: I say that the eyes of Kirkwood are on this panel in this case." Defendant's counsel objected without stating any reason and the Court said: "The objection is sustained." Defendant's counsel then moved for a mistrial. The Court overruled the motion but stated: "The jury will disregard that statement." We have held that the action taken here on such a statement was sufficient, State v. Londe, 345 Mo. 185, 132 S.W.2d 501(16); State v. Dipley, 242 Mo. 461, 147 S.W. 111, loc. cit. 117, and in State v. Carter, 345 Mo. 74, 131 S.W.2d 546(5), we said that it was not error to overrule an objection to a similar statement. Such matters are usually within the trial court's discretion. See State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582(8–11) and cases cited. We do not think anything more was required here than the admonition given by the Court and hold there was no error in refusing to declare a mistrial.

Later in the argument of the assistant prosecuting attorney the following occurred:

"Mr. Rader: The evidence shows the police took Johnson Brock to fourteen places in Kirkwood, and we are not trying him for any other case than the Mepham burglary. I say this to show you the importance of your decision in this case: of the fourteen cases they took him to, according to the Kirkwood police he confessed to six of them.

"Mr. Watson: If your Honor please, we object to that. That is not proper; that is not in evidence.

"The Court: It is in evidence. The objection will be overruled.

"Mr. Watson: We object to it for the reason counsel is offering evidence tending to prove this case as evidence of another crime.

"The Court: The objection is overruled."

■ Since the evidence is not before us, we must consider that the Court properly overruled the first objection on the ground that defendant's confession of six other offenses was in evidence. We must also consider that this confession was properly in evidence, either because no objection had been made to its admission or because it was admissible as it might well have been. See State v. Saussele, Mo.Sup., 265 S.W.2d 290(11); State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765(7). Defendant's second objection seems to have been more an objection to the confession being received in evidence than to what was said in the argument about it. Perhaps counsel meant his objection to be to "arguing" this evidence rather than "offering" it but he certainly did not make that clear to the Court. Anyhow, the objection now made is different from the one made to the trial court. What defendant now says in his assignments of error is that this latter statement referred back to the previous one about the eyes of Kirkwood being on the panel and emphasized the fact that defendant was charged with other crimes to prejudice the minds of the jury, citing State v. Wellman, 253 Mo. 302, 161 S.W. 795; State v. Lasson, 292 Mo. 155, 238 S.W. 101; State v. Leonard, Mo.Sup., 182 S.W.2d 548. Nevertheless, defendant in his points and authorities goes back to the claim that it was error to "prove other criminal offenses." We see nothing wrong in saying to the jury that their decision was important and we cannot say that the Court did not properly rule on the actual objection made.

■ On this subject, we said in State v. Cummings, 189 Mo. 626, 88 S.W. 706, 712: "Can appellant, during the progress of the trial, permit testimony to be introduced without objection, and then complain that the prosecuting attorney improperly based remarks upon it? The proper and only time to make the test as to the admissibility of testimony is at the time it is offered. We are unwilling to sanction the practice, conceding that incompetent evidence was introduced, of allowing the testimony to go to the jury, and wait until counsel in his closing argument proceeds to comment upon it, before interposing objections to it." While we would not say that no comment that might be made in argument on incompetent evidence, admitted without objection, or on evidence properly admitted for a limited purpose, could be prejudicial, we do say that the State may have some right of comment on such evidence. It is shown in the transcript herein that defendant was a witness in this case and we do not know whether or not he had been convicted of any of the other offenses to which he had confessed. See State v. Jones, Mo.Sup., 221 S.W.2d 137. Furthermore, defendant's confession of other offenses might well have been material on his defense of alibi; and if so, the state could properly comment on it. See State v. Hawley, Mo.Sup., 51 S.W.2d 77. The cases cited by defendant are based on very different situations and arguments. In this case, defendant has not preserved any issue as to the admissibility of his confession and we cannot hold from what is before us that any of the comment to which objection was made was improper and prejudicial

We have examined the record and find the information, verdict, judgment and sentence sufficient and allocution properly granted.

The judgment is affirmed.

All concur.