STATE of Missouri, Respondent,

v.

Lawrence EDWARDS, Appellant.

No. 48866.

Supreme Court of Missouri,

Division No. 1.

Feb. 12, 1962.

William A. Johnson, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Pendleton Goodall, Jr., Sp. Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Judge.

Defendant was charged under the Second Offense (Habitual Criminal) Act with the crime of burglary in the first degree by breaking into and entering the dwelling house of another, in which there was at the time a human being, with intent to steal, as that offense is defined in Section 560.040 RSMo 1959, V.A.M.S. (to which revision all statutory citations herein refer). Upon trial by jury, he was found guilty as charged. The trial judge, after hearing evidence out of the presence of the jury in compliance with the provisions of § 556.280, found beyond a reasonable doubt that defendant had been convicted of the prior felonies alleged in the information and assessed his punishment at imprisonment in the penitentiary for a term of ten years. He has appealed from the judgment and sentence imposed in accordance with the verdict of the jury and the punishment assessed by the court. Although represented by court-appointed counsel at the trial, no brief has been filed in his behalf in this court. We, therefore, review all valid assignments of error set forth in the motion for new trial, as re-

quired by S.Ct. Rule 27.20, V.A.M.R., and the portions of the record required by S.Ct. Rule 28.02, 4 RSMo 1959, V.A.M.R. A brief summary of the evidence adduced in behalf of the State will suffice for these purposes.

It warrants a finding of the following facts: On March 2, 1961, Charlesetta Pernell and her seven children, whose ages ranged from two to ten years, resided in a 4-room dwelling house at 3634 Aldine, in the City of St. Louis. The two entrances thereto, front and rear, consisted of wood frame doors, each with a pane of glass in the upper portion. About 11:00 p. m., Mrs. Pernell locked the doors and windows of her home and she and the children retired for the night. About 2:00 a. m., she was awakened and saw the form of a man standing by her 7-year old daughter's bed. Mrs. Pernell got out of bed, turned on a light and observed the features and clothing of the man. He ran through the bedroom occupied by her and her daughter, grabbed a cocktail table and with it broke the glass pane from the front entrance door, through which he escaped. As he ran from the room she saw a scar on the back of his neck and also further observed his clothing. She called the police and they appeared in 10 or 15 minutes. She said that the man was a short, colored man and she delivered to them the hat that fell from his head as he escaped through the front door and advised them that he wore a dark leather jacket, grey pants and a peculiar type of shoes. Search of the premises showed that the refrigerator and Mrs. Pernell's purse had been opened and that the glass pane had also been broken out of the rear entrance door, through which the man had gained entrance into the home. The police immediately went in search of the man and found defendant walking along the street within a block or two of Mrs. Pernell's home. He wore no hat and was dressed as described to the police by Mrs. Pernell. He also had a fresh, bloody scratch on his right wrist. Within ten minutes the police returned with him to Mrs. Pernell's home. She there positively identified defendant as the man who had entered and run from her home; and at trial, she again so identified defendant.

The motion for new trial sets forth four assignments of error. The first is that the court erred in permitting the State to interrogate police officers as to whether the hat found in the Pernell home *fit* the defendant. The transcript shows that on direct examination one of the police officers was asked if the hat in evidence "fit" defendant. The court promptly sustained defendant's objection. The officer was asked if it appeared to fit defendant. Again an objection of defendant was promptly sustained. The officer was then asked what he saw when he observed the hat, after it had been placed on defendant's head. He replied it "appeared to fit the man." Again an objection was sustained and the answer was stricken. Finally, the officer testified without objection that the hat "did not go down over his ears, * * * it stood on his head like a normal hat would." There the matter ended. The court fully complied with every request made by defendant. The conduct of neither counsel for the State nor the police officer appears to have been a willful attempt to inject incompetent evidence into the case. Indeed, it is questionable whether the answers given were erroneous. It is difficult to convey the meaning that a hat (or a glove or a shoe) "fits" a certain person other than to so state. But assuming the questions to call for and the answers to constitute technically objectionable conclusions, yet the prompt rulings of the court and defendant's acquiescence in the sufficiency of that action dispels on appeal any reasonable finding of an abuse of the discretion vested in the trial court in ruling a matter of this nature. State v. Rhoden, Mo., 243 S.W.2d 75, 77–78; State v. McBrayer, Mo., 269 S.W.2d 756, 760.

The second assignment is that the court "erred, * * *, in reminding the

State that it had forgotten to ask the State's witness, Mrs. Pernell, as to whether any hat had been left at the premises alleged to have been burglarized. * * *" The transcript of the trial proceedings does not reveal the contention made. However, a memorandum filed by the trial court in connection with ruling the motion for new trial states: "With respect to the second ground of the motion, anything which the Court said which served as a reminder to State's counsel, whereupon he asked a question that he had overlooked or forgotten to ask, was said out of the presence of the jury and did not in any way interfere with the fairness of the trial." No abuse of the court's discretion is shown. The assignment is without merit and is overruled. State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 769.

■ The third assignment is that the "verdict was against the weight of the evidence, particularly in view of the fact defendant's fingerprints were found on no part of the premises alleged to have been burglarized, although the record clearly indicated that the alleged burglar had handled a number of items in said premises, including a lock at the back door, a refrigerator, a purse, and a table, and although the record clearly indicated that the alleged burglar wore no gloves." The evidence adduced in behalf of the State was substantial and sufficient to support a finding beyond a reasonable doubt that defendant was guilty of burglary in the first degree as charged in the information and found by the jury. This court does not weigh the evidence beyond the necessity of determining whether a submissible case was made. State v. Sheard et al., Mo., 276 S.W.2d 196, 199; State v. Archer, Mo., 328 S.W.2d 661, 666.

■ The fourth and last assignment is that the "verdict was against the law." The assignment is insufficient to present any matter for review. Rule 27.20, 4 RS Mo 1959, V.A.M.R.

The information is in due form. § 560.-040. The verdict is responsive to the issues and the punishment assessed by the court is within the limits provided by law. §§ 560.095, 556.280. Defendant was duly arraigned and entered a plea of not guilty. He and his counsel were personally present throughout all stages of the proceedings. He was granted allocution and the judgment is in due form of law.

The judgment is affirmed.

All concur.