**STATE of Missouri, Respondent,**

v.

**Claude Pintard ROBINSON, Jr., Appellant.**

**No. 51991.**

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1967.

Motion for Transfer to Court En Banc or for Rehearing Denied Nov. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Claude W. McElwee, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

Lester Watson, Richmond Heights, for appellant.

DONNELLY, Judge.

Appellant, Claude Pintard Robinson, Jr., was convicted of the felony of abortion under § 559.100, RSMo 1959, V.A.M.S., in the Circuit Court of the City of St. Louis, Missouri, and his punishment was assessed at imprisonment for three years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant, a licensed physician, was convicted of producing an abortion by use of instruments upon one Marilyn Meyer on August 28, 1963. Appellant does not question the sufficiency of the evidence. It is sufficient to sustain the conviction.

The question is whether evidence of three prior abortions produced by appellant upon Marilyn Meyer was properly admitted by the trial court. The first abortion occurred shortly before March 1, 1961, the second six months later, and the third six months after the second abortion.

"The well established general rule is that proof of the commission of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. * * * Evidence of other crimes, when not properly related to the cause on trial, violates defendant's right to be tried for the offense for which he is indicted." State v. Shilkett, 356 Mo. 1081, 1086, 204 S.W.2d 920, 922, 923.

However, exceptions to this rule are as well established as the rule itself. One exception is that where the proof of other offenses may tend to establish *intent*, such other offenses are admissible in evidence. State v. Scown, Mo.Sup., 312 S.W.2d 782; State v. Reese, 364 Mo. 1221, 274 S.W.2d 304; and State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765.

Section 559.100, supra, RSMo 1959, V.A.M.S., provides, in part, as follows: "Any person who, *with intent* to produce or promote a miscarriage or abortion, advises, gives, sells or administers to a woman (whether actually pregnant or not), or who,

*with such intent,* procures or causes her to take, any drug, medicine or article, or uses upon her, or advises to or for her the use of, any instrument or other method or device to produce a miscarriage or abortion (unless the same is necessary to preserve her life or that of an unborn child, or if such person is not a duly licensed physician, unless the said act has been advised by a duly licensed physician to be necessary for such a purpose), shall, in event of the death of said woman, or any quick child, whereof she may be pregnant, being thereby occasioned, upon conviction be adjudged guilty of manslaughter, and punished accordingly; and in case no such death ensue, such person shall be guilty of the felony of abortion, and upon conviction be punished by imprisonment in the penitentiary not less than three years nor more than five years, or by imprisonment in jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment; * * *." (Emphasis ours.)

■■ The element of intent is an essential ingredient of the offense. "The gravamen of the charge under the statute is the intent with which the instruments are used. * * * It is the 'wilfulness,' the intent with which the abortion is brought about, that makes the act or acts a crime." State v. Fitzgerald, Mo.Sup., 174 S.W.2d 211, 215. The State "is under an affirmative duty to prove such intent, and, for this purpose, may introduce evidence of other similar offenses committed by the defendant, notwithstanding that the accused has relied upon a general denial rather than a plea of justification, or that there is other evidence available which would justify the jury in finding criminal intent in the absence of proof of other offenses." 15 A.L.R.2d 1080, 1092.

The evidence that appellant produced abortions by the use of instruments upon Marilyn Meyer on prior occasions has a legitimate bearing on the question of appellant's intent on August 28, 1963. It tends to show that appellant acted with criminal intent on August 28, 1963. The evidence was properly admitted for that purpose.

An examination of the record as required by Supreme Court Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All of the Judges concur.