STATE of Missouri, Respondent,

v.

Paul SEEMILLER, Appellant.

No. 38067.

Missouri Court of Appeals, St. Louis District, Division Four.

Aug. 16, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 11, 1977.

Application to Transfer Denied Nov. 14, 1977.

Allan Goodloe, Jr., Shaw, Howlett & Schwartz, Clayton, for appellant.

Gregory D. Hoffmann, Preston Dean, Asst. Attys. Gen., John D. Ashcroft, Atty. Gen., Jefferson City, Ronald L. Boggs, Pros. Atty., Kent W. Fanning, Asst. Pros. Atty., St. Charles, for respondent.

ALDEN A. STOCKARD, Special Judge.

Paul Seemiller has appealed from a judgment entered pursuant to a jury verdict wherein he was found guilty of sodomy (Count I) and assault with intent to do great bodily harm without malice aforethought (Count II). We affirm.

There is no challenge to the sufficiency of the evidence as to Count I, but appellant does contend in Point IV of his brief that the court erred in failing to enter a judgment of acquittal as to Count II because there was no evidence of intent. That contention will be discussed subsequently.

By his first Point appellant, somewhat inadequately, asserts prejudicial error resulted when the trial court "allowed the prosecuting attorney to make extraneous, improper, [and] prejudicial comments solely for the benefit of the jury as a course of continual conduct throughout the trial." The incidents are not otherwise identified in the Point, but in the argument we find reference to nine incidents. As to five of them appellant's objection was sustained and no other relief was requested. As to two other incidents, appellant interposed no objection and no relief was requested. These seven incidents have not been preserved for appellate review, *State v. Martin*, 346 S.W.2d 71 (Mo.1961); *State v. Johnson*, 483 S.W.2d 65 (Mo.1972).

During the examination of the prosecuting witness, the prosecuting attorney asked her to "tell us in your own words exactly what happened * * * and I know it is difficult, but, please, for these men," (apparently referring to the jury). Defense Counsel objected to "what is difficult and not difficult." There was no ruling expressly made, but the court called counsel to the bench and commented that the matter had been gone into previously, and to go into it further would be "unduly repetitious." There was no motion to strike the comment of the prosecutor, and no other request for relief was made. There is nothing preserved for appellate review.

During the cross-examination of appellant, Defense Counsel interrupted and said: "I object to his harassment. The witness has already testified to it all." The court overruled the objection. We have read carefully the preceding testimony and there is not the slightest indication of harassment. The trial court heard and witnessed the examination, and overruled the objection. We defer to that ruling.

Contrary to appellant's assertion in his brief, we find no abuse of discretion on the part of the trial court in regard to these nine incidents.

Appellant's second Point is that the court erred in permitting "proof of other crimes * * * said testimony being irrelevant and immaterial."

Appellant and a companion picked up the prosecuting witness in their automobile at Soulard and Ninth Streets in the City of St. Louis. She testified that appellant and his companion committed acts of sodomy and beat her with fists from the time she entered the automobile until it was stopped by the police in St. Charles County about seven miles west of the St. Charles bridge over the Missouri River. In argument appellant asserts that "The allowance into evidence of criminal activities that occurred before the defendant arrived in the County of St. Charles, more specifically, the testimony concerning prior acts of sodomy by defendant upon the victim, said prior acts not occurring in St. Charles County, was so

inflammatory and intertwined with the allegations in the information, that [appellant] was unable to obtain a fair and impartial trial as to the charges in the information."

"Although the general rule is that in a criminal trial, evidence of crime other than the one charged is inadmissible, as with most general rules there are certain well-recognized exceptions. 'Where the proof of other offenses may tend to establish motive, or intent, or absence of accident or mistake, or identity of the defendant, or a common scheme or plan embracing the commission of separate similar offenses so interrelated to each other that proof of one tends to establish the other, such other offenses are widely held under these circumstances to be admissible in proof.' State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 768 (1953); State v. Shumate, 478 S.W.2d 328 (Mo. 1972)." State v. Torrence, 519 S.W.2d 360, 361 (Mo.App.1975). In the Torrence case, the Kansas City District applied the above general rule to a factual situation remarkably similar to that in this case, and said: "The evidence in this case clearly discloses that from the time the defendant entered the car at 39th and Prospect, until he exited from the car at 56th and Wabash, he had prosecutrix under his power and control. The evidence points to but one conclusion—that defendant exercised power and control over prosecutrix to effect but one design and plan, namely, to make prosecutrix the victim of sexual excesses. In this context, what occurred in the alley near 18th and Cherry, and at First and Delaware, were but manifestations of this one common design and plan. As such, the whole continuous transaction should be viewed as one, and the separate acts of defendant were admissible." In this case the continuous acts of appellant were admissible because they formed part of the res gestae of the offense charged. There is no merit to this contention.

■ Over appellant's objection that it was hearsay, the trial court permitted the arresting police officer to testify that after he stopped appellant's automobile the pros-

ecutrix came toward him and made a statement in which she related what occurred, and the facts she stated constituted the act of sodomy by appellant. Appellant argues that the statement could not have been a part of the res gestae because there was too great an interval of time between the occurrence and the act. He cites and relies on State v. Rider, 90 Mo. 54, 1 S.W. 825 (1886) and State v. Noeninger, 108 Mo. 166, 18 S.W. 990 (1892). Both of these were cases where a statement of the victim of a shooting was offered in evidence. In the Rider case the victim had walked two hundred yards, and in the Noeninger case the statement was made five minutes after the shooting. Neither of these cases are controlling here. In this case the police officer stopped appellant's automobile and parked his automobile about fifty feet to the rear. Immediately thereafter appellant and prosecutrix got out of the automobile. Prosecutrix face and blouse were bloody, her clothing was disarranged, and she appeared hysterical. As the prosecutrix came toward him, and before any questions were asked, she made the statement to the officer.

" 'When strictly defined, res gestae refers to those exclamations and statements made by either the participants, victims, or spectators to a crime immediately before, during, or immediately after the commission of the crime, when the circumstances are such that the statements were made as a spontaneous reaction or utterance inspired by the excitement of the occasion and there was no opportunity for the declarant to deliberate and to fabricate a false statement.' " State v. Hook, 432 S.W.2d 349 (Mo.1968). What constitutes a sufficient showing of spontaneity so as to make the statement admissible under the res gestae doctrine depends on the circumstances of each case, Straughan v. Asher, 372 S.W.2d 489, 496 (Mo. App.1963). Statements made by the victims of sexual offenses have been held admissible as a part of the res gestae where the statements were made immediately after the victim escaped or was rescued from her assailant. See the numerous cases cited in the annotation entitled "Time element affecting admissibility of statements by vic-

tim of sex crime as res gestae" at 19 A.L. R.2d 579, 591.

The statement of the prosecutrix made to the police officer in the circumstances of this case was clearly a part of the res gestae and properly admitted into evidence.

Appellant next asserts that the trial court "committed prejudicial error in denying [his] motion for judgment of acquittal at the close of all the evidence." In the argument under this point reference is made only to Count II charging an assault with intent to do great bodily harm without malice, and it is claimed that there was no evidence of the alleged intent.

■■■ On appeal a motion for judgment of acquittal must be reviewed in the light most favorable to the State, and the State is entitled to all reasonable inferences from the evidence in support of the verdict. *State v. Colton*, 529 S.W.2d 919 (Mo.App. 1975). The prosecutrix testified that appellant beat her with his fists causing the injuries she had when the police officer stopped appellant's automobile. An assault with intent to do great bodily harm may be committed by the use of the fists. *State v. Himmelmann*, 399 S.W.2d 58 (Mo.1966); *State v. Townsel*, 506 S.W.2d 59 (Mo.App. 1974). The intent with which an assault is made is an essential element of the offense charged, but it is unusual when there is direct evidence of intent. Ordinarily it must be inferred from the circumstances. *State v. Chevlin*, 284 S.W.2d 563 (Mo.1955). The nature and extent of the injuries inflicted from an assault is a circumstance relevant and material to the issue of the intent. *State v. Duncan*, 499 S.W.2d 476 (Mo.1973); *State v. Kopf*, 481 S.W.2d 7 (Mo.1972). Ordinarily, a person is presumed to have intended the natural and normally expected consequences of his acts, and from the circumstances of this case, particularly the bloody condition of the face and clothing of the prosecutrix and her hysterical condition, a jury reasonably could have found that the assault was committed with an intent to do serious bodily harm.

■■■ Appellant next asserts that the court erred in not requiring the State to elect to submit to the jury the charge of sodomy or the charge of assault, and that by reason of § 556.160, RSMo 1969, it was error to submit both charges. That section provides that "No person shall be convicted of an assault with an intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt." The substance of this statute is that where an offense has been completed, an accused cannot be convicted of either an assault with intent to commit the offense or of an attempt to commit the offense. See for example *State v. Baker*, 276 S.W.2d 131 (Mo.1955), and *State v. Charles*, 537 S.W.2d 855 (Mo.App.1976). The statute has no application to the facts of this case. Here appellant was charged with sodomy and also with an assault to do great bodily harm without malice. He was not charged with an assault with intent to commit or with an attempt to commit sodomy. This point is totally without merit.

■■■ For his final point appellant asserts the trial court erred in failing to instruct on common assault. Appellant specifically stated that he was not requesting an instruction on common assault, no objection was made because none was given, and there is no assignment of error in the motion for new trial based on the failure to instruct on common assault. This contention is not preserved for appellate review. However, appellant asserts that by reason of Rule 26.02(6), which requires that whether requested or not, the court shall instruct the jury upon all questions of law necessary for their guidance in returning their verdict, the failure of the court to instruct on common assault constituted plain error within the meaning of Rule 27.20(c).

The evidence on the issue of an assault consisted of the testimony of the prosecutrix and also the testimony of the arresting officer concerning her appearance. In addition, two photographs of the prosecutrix

were shown to the jury, but they have not been filed with this court. Appellant denied he struck the prosecutrix and testified that she obtained her injuries when the automobile struck a guard rail on a bridge. There was no evidence indicating that only a common assault occurred.

While the failure to instruct on the "law arising in the case" under Rule 26.02, may in particular circumstances constitute prejudicial error, *State v. Haygood*, 411 S.W.2d 230 (Mo.1967), it does not, of itself, result in "manifest injustice or miscarriage of justice" under Rule 27.20(c). *State v. Patterson*, 443 S.W.2d 104 (Mo. banc 1969). We doubt that an instruction on common assault was required in the circumstances of this case, but assuming it was, in view of the evidence and the total circumstances, the failure to do so could not have resulted in manifest injustice or a miscarriage of justice.

The judgment is affirmed.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.