STATE of Missouri, Respondent,

v.

Robert SANDERS, Appellant.

No. 40293.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 1979.

Harris, Kirksey & Thomas, Henry Thomas, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant was charged and convicted of operating a motor vehicle without the consent of the owner. His appeal raises two points charging trial court error in failing to declare a mistrial, first, after "the prosecutor and the state's witnesses made repeated references" to defendant's stealing an automobile—a crime different from that which he was charged. The second professed error is based on the prosecutor's interrogation of defendant upon cross-examination as to whether a co-defendant had pleaded guilty to the charge. There is no merit to either point raised, and we affirm.

It is not essential to repeat the facts of the case. It is sufficient to note that the evidence of defendant's guilt of the crime for which he was charged and convicted was substantial. With regard to the first point, defendant alleges five instances of either a prosecutor's comment or witness' statement purportedly referring to the charge of stealing a car as opposed to the actual charge of operating a motor vehicle without the owner's consent. See §§ 560.-165 and 560.175, RSMo 1969. In three of the five instances, no objection was made to the comment. In one instance an objection was made which was sustained and the jury instructed to disregard the comment, but no mistrial was requested. Therefore, on four of the five occasions of claimed misconduct there was no request for relief or the trial court granted all the relief sought. Hence, nothing was preserved for review. *State v. Stamps*, 569 S.W.2d 762 (Mo.App.1978); *State v. Henderson*, 547 S.W.2d 141 (Mo. App.1976); *State v. Granberry*, 530 S.W.2d 714 (Mo.App.1975). The only comment preserved for review which allegedly suggests another crime was the prosecutor's closing argument during which he said:

"The case is that Mr. Sanders was driving that vehicle, that he was driving that vehicle in the company of Mr. Grays [defendant's companion and co-defendant], that he and Mr. Grays had arrived at the Forest Cadillac dealership earlier that morning and had used the keys that they had procured from Forest Cadillac."

We specifically find that the foregoing statement does not constitute an allegation of a crime different than that charged, and certainly there is no abuse of the trial court's considerable discretion in controlling argument of counsel and refusing to invoke the drastic measure of mistrial by reason of the comment. *State v. Stamps*, supra.

Defendant's second point goes to the prosecutor's cross-examination of defendant regarding the fact that his co-defendant (Mr. Grays) had pleaded guilty. An objection was made to the reference, which was sustained, and the jury instructed to disregard it, but there was no request for a

mistrial. The defendant now asks that we consider the application of plain error under Rule 27.20(c). We first observe that the defendant on direct examination opened the pathway for the prosecutor's interrogation by testifying as to the disposition of his co-defendant's case. Thus, there was no abuse of the trial court's discretion in failing to sua sponte declare a mistrial. The cross-examination was within the fair purview of the direct examination and was proper. *State v. Harris*, 564 S.W.2d 561 (Mo.App.1978). Further, we cannot find that any manifestation or miscarriage of justice would result by our failure to invoke the plain error rule. *State v. Davis*, 566 S.W.2d 437 (Mo. banc 1978), is on point in this regard.

Judgment affirmed.

REINHARD, P. J., and CLEMENS, J., concur.