STATE of Missouri, Respondent,

v.

Ezzard Charles MABRY, Appellant.

No. WD 30587.

Missouri Court of Appeals,
Western District.

June 9, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 1980.

Harold L. Holliday, Jr., Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

This appeal followed a jury verdict convicting Mabry of assault with intent to kill with malice aforethought, an offense defined at the time of commission by § 559.180, RSMo 1969. Punishment was assessed by the jury at a term of fifteen years.

On this appeal, Mabry contends that the trial court erred in failing to declare a mistrial (1) when the prosecuting attorney allegedly commented outside the record during closing argument, and (2) when it was learned that the instructions had not been redelivered to the jury room during continued deliberations by the jury following a recess.

For reasons which will hereafter become apparent, some review of the evidence is necessary to address the points on this appeal, although the sufficiency of the evidence is not challenged.

The victim of Mabry's assault was one Evelyn Burns with whom Mabry had once lived. During the early morning hours of July 28, 1977, Mabry appeared at the apartment where Evelyn was then living with a relative and sought to borrow money, obtain a meal and spend the night. The time was then between 2:00 a. m. and 3:00 a. m. Evelyn told Mabry that he was welcome to spend the night and if he wanted to eat, he could help himself, but that she was returning to bed.

Events during the hours until 8:00 a. m. were related substantially by Mabry's own

testimony and confirmed by Evelyn during periods when she was awake. After the conversation with Mabry following his arrival, Evelyn returned to her bedroom and was asleep by 3:00 or 3:30 a. m. Mabry, who had been employed in Chicago until a few days prior to the date of the assault, had recently learned that Evelyn was associating with another man and was pregnant. While Evelyn slept, Mabry remained awake and, in his own assessment of his state of mind, he was "hurt, mad and disappointed." Some of Mabry's resentment was apparently attributable to the fact that he had left a paying job in Chicago on Evelyn's urging and with the prospect of reconciliation.

At approximately 8:00 a. m., while Evelyn was still asleep, Mabry fired a bullet into her head. He was not under the influence of alcohol and knew what he was doing when he pulled the trigger. He was then "mad and disappointed in her and I was just angry, you know." After the shooting, which remarkably did not cause Evelyn serious injury, Mabry was dissuaded by her from firing again and Evelyn escaped to the apartment of the landlord from which telephone calls were made to the police and for an ambulance.

As the sounds of sirens approached, Mabry fled from the apartment and hid at the home of an aunt. He persuaded his aunt to drive him to the home of Evelyn's mother where Mabry had clothing he wished to retrieve. It was there that Mabry was apprehended and taken into custody.

As to appellant's first point, the gist of the prosecutor's remarks to the jury was that Mabry had fled from the scene of the crime, discarded his weapon to dispose of the evidence and concealed himself to avoid detection, all of which were acts bespeaking guilt and, in going to the home of Evelyn's mother, "He wanted his clothes to get out of town * * *." Defense counsel promptly objected and asked that the argument be stricken because there was no evidence that Mabry planned to leave the locality. The court sustained the objection and instructed the jury to disregard the argument.

■ Mabry now contends that the court erred in not declaring a mistrial sua sponte despite the failure of defense counsel to seek such relief and despite the fact that the court did sustain defense counsel's objection and grant the only relief sought. In these circumstances, nothing is preserved for our review. *State v. Sanders,* 577 S.W.2d 186 (Mo.App.1979); *State v. Seemiller,* 558 S.W.2d 212 (Mo.App.1977); *State v. Blankenship,* 536 S.W.2d 520 (Mo.App.1976); *State v. Granberry,* 530 S.W.2d 714 (Mo. App.1975). If the more drastic remedy of a mistrial is warranted, it is the responsibility of counsel to request that relief. Where no such request is made, it is assumed that counsel is satisfied that the corrective action taken by the court is adequate. Subsequent complaint that additional corrective measures were needed comes too late. *State v. Bibee,* 496 S.W.2d 305, 311 (Mo. App.1973).

■ Moreover, consideration of the prosecutor's quoted argument in context and with regard to all the evidence in the case, leads to the conclusion that the argument did not exceed the wide latitude accorded counsel in argument. *State v. Nichelson,* 546 S.W.2d 539 (Mo.App.1977). Contrary to Mabry's contention, the argument concerning Mabry's probable flight after retrieving his clothes was a permissible comment on Mabry's credibility. Mabry had testified that he wanted to recover his clothes because he intended to surrender and did not not want them lost while he was in jail. The prosecutor in his remarks suggested that this account was not worthy of belief and that Mabry's conduct was more realistically cast in the light of continued flight. Beyond question, the argument was not of a character requiring intervention by the court on its own motion to abort the trial.

Mabry next charges error under the following facts. Trial of this case commenced the morning of March 21, 1978. Presentation of evidence was concluded that afternoon and an overnight recess was declared. The following morning, instructions were read to the jury, closing arguments were

made and the jury retired to deliberate at 10:20 a. m. having in its possession the court's instructions in written form. At 12:20 p. m., a verdict had not been reached. The jury was thereupon escorted to lunch in the custody of the bailiff. The written jury instructions were returned to the court.

After lunch, the jurors returned to the jury room and, without any formal charge, they resumed deliberations. At this time, the written instructions were still in the court's possession. At 1:40 p. m., some twenty minutes after the jurors had returned from lunch, the court recalled the jurors from the jury room, redelivered the written instructions to them and informed the jury that deliberations should continue. Within a few minutes thereafter, a verdict was returned. The elapsed time strongly suggests that the verdict was actually reached after lunch but before the written instructions had again been placed in the jury's hands.

On these facts, Mabry contends that the verdict cannot stand because deliberation by the jury without the written instructions violates Rule 20.02(f) [now Rule 28.02(f)], and the jury deliberation without the written instructions resulted in prejudice to him. Mabry also argues that the failure to have the written instructions physically before the jury throughout its full period of deliberation was equivalent to omission of instruction or misinstruction and is presumptively prejudicial.

The events related as to instruction of the jury in this case do not admit of a conclusion that the jury was misinstructed. Mabry makes no claim of error as to the content of the instructions which were given. A review of those instructions by this court confirms that they were in conformity with applicable MAI-CR forms. Similarly, it may not be contended that there was a failure to instruct when the facts are that all the instructions were read to the jury by the court and those instructions in written form were also delivered to the jury when deliberations commenced. Under such circumstances, no presumption of prejudice necessarily follows the mischance which allowed the jury to deliberate for some twenty minutes without the written instructions in hand.

■ Failure of the trial court to superintend reassembly of the jury after the lunch recess and to redeliver the instructions to them upon resumption of deliberations would entitle Mabry to relief only if it appears that some actual prejudice to his case resulted. Mabry makes no claim of actual prejudice and none appears. The jury was instructed that Mabry was to be found guilty of assault with intent to kill with malice aforethought if Mabry shot Evelyn intentionally without just cause or excuse after thinking about it beforehand and with the intention to kill her. Mabry's own evidence supplied a factual basis to confirm each element of the offense and there was no countervailing evidence. The punishment assessed by the jury was well within the range provided for the offense and detailed in the appropriate instruction on that subject.

Under the facts of this case, the interrupted deliberation of the jury without physical possession of the instructions was harmless error.

The judgment and sentence are affirmed.

All concur.