UNITED STATES of America, Appellee,

v.

Patrick R. FALTICO, Appellant.

No. 81–2079.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1982.

Decided Sept. 3, 1982.

Rehearing and Rehearing En Banc Denied Nov. 26, 1982.

---

7. *E.g.*, Reeder estimated that it would cost $5,000,000 to pave a road from the highway seven miles to the cave entrance.

James R. Wyrsch, Kansas City, Mo., for appellant.

Patrick R. Faltico, pro se.

Robert G. Ulrich; U. S. Atty., W. D. Missouri, Richard J. Marien, Atty., U. S. Dept. of Justice, Kansas City, Mo., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Defendant Patrick R. Faltico appeals his conviction on nine counts of unlawful acquisition of food-stamp coupons in violation of 7 U.S.C. § 2024(b) and one count of conspiracy to acquire food stamps unlawfully in violation of 18 U.S.C. § 371. The District Court[1] sentenced him to five years' imprisonment on each count, with the terms to run concurrently. On appeal, Faltico contends, among other things, that the jury should have been instructed that it could not convict him of violating 7 U.S.C. § 2024(b) unless it found that he knew that his dealings with food stamps were unlawful. Since we conclude that the District Court should have instructed the jury that the government was required to prove that defendant knowingly did an act which the law forbids, we reverse Faltico's conviction on the substantive counts. The conspiracy conviction, however, is not infected by this or any other infirmity, and it will stand, together with the five-year sentence.

I.

Faltico, a lawyer, became the subject of investigation as part of a crackdown by the Office of the Inspector General, United States Department of Agriculture, on food-stamp fraud and abuse. In cooperation with the Kansas City, Missouri, Police Department, the federal agency utilized the services of Jackie Clark as an investigative aide and informant.[2] Clark was instructed to offer food stamps for sale at discount prices to any receptive parties he might find. He initially approached Faltico concerning purchasing stamps after being introduced to him when Clark expressed to an acquaintance the need for a lawyer. Later, Clark made nine separate transfers of food stamps to Faltico during a period of approximately eight months in 1980.

As a result of the food-stamp transfers made to him by Clark, Faltico was charged with nine separate substantive violations of 7 U.S.C. § 2024(b) and, along with co-defendant Herman Tyler (an employee in Fal-

---

1. The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri.

2. Clark was paid for his services by both the Department of Agriculture and the Kansas City, Missouri, Police Department. An experi-

enced criminal defendant, Clark had previously pleaded guilty to three armed-robbery charges and was facing revocation of parole when he became employed by law-enforcement agencies.

tico's law office), with conspiracy to violate the statute. The evidence against Faltico consisted primarily of the testimony of an agent of the Department of Agriculture, officers with the Kansas City, Missouri, Police Department, investigative aide Clark, co-defendant Tyler, and the various exhibits of currency, food stamps, and video and audio recordings associated with the food-stamp transactions. Defendant was found guilty by a jury on all nine substantive counts and on the conspiracy count.

The District Court held a post-trial evidentiary hearing on Faltico's motion to dismiss the indictment because of alleged misconduct of the government during the course of its investigation of defendant. The Court denied the motion and sentenced Faltico to five years' imprisonment on each count.

## II.

■ Section 2024(b) of Title 7 of the United States Code, in pertinent part, provides:

> [W]hoever knowingly uses, transfers, acquires ... or possesses [food] coupons ... in any manner not authorized by this chapter or the regulations issued pursuant to this chapter shall, if such coupons ... are of a value of $100 or more, be guilty of a felony ....

Defendant's first four arguments on appeal are all premised on the contention that more is required for a violation of § 2024(b) than mere knowledge that the things one is acquiring or possessing are food stamps. It is argued that the government must show, in addition, that defendant knew that his acquisition or possession was not authorized by law or regulation. We agree.

In *United States v. Marvin*, 687 F.2d 153 (8th Cir. 1982), which we are also deciding today, this Court was presented with the precise question confronting us here. After examining the legislative history,[3] considering the public policy behind the statute's enactment,[4] and reviewing the applicable case law,[5] we held that such knowledge was an element of the offense and must be proved by the government. Here, as in *Marvin*, the District Court refused to instruct the jury to this effect.

■ The next question to consider is whether the error was harmless. The strength of the government's case is relevant to such a determination. *United States v. Straughan*, 453 F.2d 422, 427 (8th Cir. 1972). Before the error can be declared harmless, however, we must be satisfied that the error did not have a substantial influence on the defendant's conviction. *Ibid.; United States v. Bishop*, 492 F.2d 1361, 1365 (8th Cir.), *cert. denied*, 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59 (1974). While there was sufficient evidence to support a finding of guilt, we cannot say that the jury's verdict was not affected by the District Court's refusal to instruct on an essential element of the offense. Defendant's convictions on the nine substantive counts of the indictment must therefore be reversed.

Although we hold that Faltico's convictions for the substantive offenses cannot stand, his conviction for conspiracy is unaffected by this error. The District Court properly instructed the jury on what must be shown by the government in order to prove the crime of conspiracy, including the requirement of proof of specific intent to do an act the law forbids.

## III.

Faltico raises additional issues on appeal. He contends that the trial court erred in (1)

**3.** See H.R.Rep.No.95–464, 95th Cong., 1st Sess. 376 (1977), *reprinted in* 1977 U.S.Code Cong. & Ad.News 1704, 1978, 2305.

**4.** See H.R.Rep.No.95–464, 95th Cong., 2d Sess. 2, 3 (1977), *reprinted in* 1977 U.S.Code Cong. & Ad.News 1978, 1979.

**5.** See *United States v. Marshall*, 683 F.2d 1212 (8th Cir. 1982); *United States v. Miller*, 543 F.2d 1221 (8th Cir. 1976), *cert. denied*, 429 U.S. 1108, 97 S.Ct. 1142, 51 L.Ed.2d 561 (1977); *cf. United States v. Smith*, 572 F.2d 1089 (5th Cir. 1978); *Badwan v. United States*, 541 F.2d 1388 (10th Cir. 1976).

overruling his motions for production of certain allegedly exculpatory information; (2) overruling his motion in limine and permitting evidence to be admitted at trial concerning certain conversations about narcotics; (3) refusing to permit his expert witnesses to testify about his authority to acquire food stamps from Jack Clark; (4) overruling his motions for acquittal because he was allegedly entrapped; and (5) overruling his motion to dismiss because of alleged instances of government misconduct. We find no error in any of these rulings by the District Court.

█ The District Court carefully considered defendant's requests for the production of grand-jury minutes and for specified exculpatory and impeaching information. Faltico was not able to show any "particularized need" for the grand jury information, see *Thomas v. United States*, 597 F.2d 656 (8th Cir. 1979), and we are not persuaded that any of the other material that the government failed to disclose would have helped defendant's case in any significant way. We find no abuse of discretion on the part of the trial court in overruling defendant's motions.

█ Defendant's argument that evidence of certain conversations about narcotics was improperly admitted at trial overlooks the fact that the indictment charged the defendant with, among other things, conspiring with codefendant Herman Tyler to provide cocaine and other controlled substances to investigating government agents in exchange for food stamps. The conversations were clearly relevant to the issue of the existence of an agreement to acquire food stamps illegally. There was no error here.

█ The contention of Faltico that the District Court should have permitted his "expert" witnesses to testify is without merit. Assuming that the testimony would have been otherwise admissible, the witnesses, a tax consultant and a tax attorney, did not qualify as individuals with expertise in interpreting the rules and regulations promulgated pursuant to the Food Stamp Act. The testimony would not have aided

the jury in its consideration of the facts in the case, and any questions of law are determined exclusively by the court. The court did not abuse its discretion in denying defendant's request for the witnesses to testify.

Finally, we find no merit in defendant's arguments that he was entrapped as a matter of law and that the government's actions constituted misconduct. The District Court conducted a post-trial hearing on September 8, 1981, on these issues and made extensive findings of fact. Our review of the evidence and the applicable law persuades us that the District Court did not err in denying Faltico's motion for judgment of acquittal and his motion to dismiss the indictment.

The judgment as to the nine substantive counts is reversed, and the cause remanded to the District Court for such further proceedings with respect to the reversed counts as may be indicated. The conspiracy conviction is affirmed. The five-year sentence for conspiracy, which was concurrent with the sentences of imprisonment on the other counts, remains undisturbed.

It is so ordered.