STATE of Missouri, Respondent,

v.

Thomas L. DOWNING, Appellant.

No. 45715.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1983.

Motion for Rehearing or Transfer Denied
Sept. 15, 1983.

tention that it was not obliged to afford an additional layer of primary coverage, is clearly distinguishable.

Michael R. Young, Clayton, for appellant.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of first degree robbery, § 569.020, RSMo 1978. The trial court sentenced defendant as a prior offender to a term of fifteen years imprisonment. We affirm.

Defendant alleges the trial court erroneously denied his motion to suppress several witnesses' identification testimony. In a three-pronged attack on this testimony, defendant claims the out-of-court identifications were made under inherently suggestive circumstances tainting the in-court identifications, the identifications did not meet the test for reliability contained in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and even if we find the *Neil v. Biggers* test met, the test should be set aside as "out-dated."

In determining the admissibility of identification testimony, reliability rather than suggestiveness provides the linchpin securing defendant's due process rights. *State v. Robinson*, 641 S.W.2d 423, 427 (Mo. banc 1982). The trial court determines reliability by looking at the "totality of the circumstances." Among the circumstances considered are the opportunity of the witness to view the criminal at the time of the crime; the witness's degree of attention, the accuracy of the witness's prior description of the criminal; the level of certainty demonstrated by the witness when subsequently confronted with the criminal; and the length of time elapsed between the crime and the subsequent confrontation. *Id.*

In the present case the trial court determined the pre-trial lineup was not unduly suggestive and that under the totality of the circumstances the witnesses' identification of defendant was reliable. Our review is limited to a determination of wheth-

er there was sufficient evidence to sustain the trial court's findings. *State v. Gaskin*, 618 S.W.2d 620, 623 (Mo.1981).

Witness Brenda Rotellini, while at work at her father's watch repair shop, observed two men enter the store. They asked to look at some rings, which Rotellini showed to them. She estimated they were in the store three or four minutes. Suspicious of the pair, she followed them from the store but lost sight of them. She then visited in a store next door.

When Rotellini returned to her father's shop, the robbery was in progress. Ignoring the gunman's order to get in the back room, she ran from the shop screaming. The thieves then left the shop and got into their car. Rotellini saw one thief take off his mask while getting away and recognized him as one of the men she had waited on earlier. Several days later Ms. Rotellini spotted both men on a city bus, called the police, and the pair was arrested. Later that day she identified both men in separate lineups. Her description of defendant at the hearing on the motion to suppress the identification testimony included his height, weight, hair style and color, facial hair, clothing and acne.

Another witness, Carla Triplett, Brenda Rotellini's sister, was also working at her father's shop. She, too, observed the two men when they entered to look at rings and gave the court a clear description of both. A few minutes later the store was robbed by two men wearing stocking masks. She saw one of them had dark hair sticking out from the mask. She also identified both men at the lineups.

Brenda Diel worked at an area business. On her way to get a soda she saw two men wearing stocking caps enter the watch repair shop. She continued on, but after hearing a scream, turned and saw the two men running from the shop. At this time she was approximately ten feet from the men. She reported the robbery to the police. At the hearing on the motion to suppress the identification testimony she provided the court with a detailed description of the men, including defendant who had taken off his mask. She had also identified the men in the lineups.

■ We find the evidence clearly sufficient for the trial court to find the witnesses' identification of defendant reliable. The reliability of the witnesses' identification was established independently of any alleged suggestive pre-trial identification procedure. Therefore, admission of the in-court identification must be deemed proper. *State v. Kirk*, 636 S.W.2d 952, 955 (Mo. 1982). Furthermore, we reject defendant's contention that consideration of the "totality of the circumstances" surrounding an identification is somehow "out-dated." Defendant, through cross-examination at the hearing on the motion to suppress, may thoroughly probe the factual predicate of a witness's identification to show its lack of trustworthiness. In the present case, the identifications were shown to be reliable.

■ Defendant also cites as error the denial of his motion in limine to suppress evidence the car used by the robbers was stolen. Evidence of crimes unrelated to the charge is prejudicial to a criminal defendant because it may result in a conviction founded on crimes with which the defendant was not accused. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982). Evidence of unrelated crimes is admissible, however, when it tends to establish defendant's guilt of the immediate crime. The unrelated crime may show defendant's motive, intent, identity, lack of accident or mistake, or a common scheme or plan. *Id.* The decision to admit such evidence rests in the discretion of the trial court. *State v. Shaw*, 636 S.W.2d 667, 672 (Mo. banc 1982). Evidence in a robbery prosecution of defendant's use of a stolen vehicle tends to show a common scheme or plan. *State v. Johnson*, 483 S.W.2d 65, 68 (Mo.1972).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.