STATE of Missouri, Respondent,

v.

**Aaron Boyce BEASLEY, Appellant.**

No. 51684.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 21, 1987.

Motion for Rehearing and/or Transfer
Denied May 27, 1987.

Application to Transfer Denied
July 14, 1987.

**256**

William J. Shaw, Clayton, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant, Aaron Beasley, was convicted by a jury for robbery in the first degree and for armed criminal action, §§ 569.020 and 571.015, RSMo 1986. Defendant was sentenced to consecutive terms of ten years' imprisonment on each count.

On appeal, defendant argues that the trial court erred in: (1) denying defendant's motion for a mistrial made pursuant to the state's placing before the jury evidence of an unrelated crime; and (2) denying defendant's motion for a mistrial at the close of a special voir dire of the jury panel. We affirm the judgment.

Bernard Pittman, a Metro cab driver, picked up defendant after the cab in which defendant was riding had a flat tire.[1] Mr. Pittman drove defendant towards University City, Missouri. After traveling for approximately twenty minutes, defendant put a gun to Mr. Pittman's head and told him, "this is a stick-up." Mr. Pittman saw the revolver in his rear view mirror. Mr. Pittman decelerated the cab, gave $30 to defendant, and then jumped out of the cab, which continued moving until it entered a ditch and hit a guard rail. Defendant exited the cab and left the area on foot.

Mr. Pittman retrieved his cab and contacted a police officer, who instructed him to go to the police station. En route to the station, Mr. Pittman spotted defendant. Mr. Pittman informed the police that he

had seen defendant and took them back to the vicinity. Defendant was observed entering the restroom of a restaurant. The officer at the scene testified that he saw no one other than defendant enter or exit the restroom.

Defendant was placed under arrest as he exited the restroom. At that time, defendant was identified by Mr. Pittman as the man who had robbed him. Inside the restroom, officers found white tennis shoes and a gun. Mr. Pittman testified that defendant wore white tennis shoes at the time of the robbery. An overnight bag was recovered from defendant and Mr. Pittman also identified it as the one that defendant carried while in his cab. A blue jean jacket was found in the overnight bag, and Mr. Pittman testified that defendant wore it at the time of the robbery.

Defendant testified on his own behalf. He stated that he did not rob Mr. Pittman, and that Mr. Pittman had demanded more money from him during the ride for the taxi fare. Defendant also testified that he had never seen the gun, he disclaimed ownership of the tennis shoes, and he denied having given directions to be taken to University City.

In his first point on appeal, defendant contends that the trial court erred in denying his motion for a mistrial. During deliberations, the jury found a few seeds and some leaves while examining the overnight bag introduced into evidence. Some members of the jury speculated that it might be tobacco or marijuana. It was not discovered that the jury had seen these items until after the jury had rendered its verdict. Defendant argues that the seeds and leaves are evidence of another crime, e.g., possession of marijuana, and that prejudicial error occurred when the jury was allowed to consider evidence of an unrelated crime while making its determination of guilt.

■ Generally, placing evidence before the jury of other crimes committed by a defendant constitutes prejudicial error. *Osborne v. United States*, 351 F.2d 111,

---

**1.** Another witness for the state, Mr. George Le-Grone, was the driver of the cab whose tire went flat. He corroborated Mr. Pittman's iden-

tification of defendant and of the circumstances surrounding the transfer of defendant to Mr. Pittman's cab.

115 (8th Cir.1965). To declare such an error harmless, the "court must be satisfied beyond a reasonable doubt that the error did not contribute to the defendant's conviction." *United States v. Bishop,* 492 F.2d 1361, 1365 (8th Cir.1974), *cert. denied,* 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59 (1974).

This court has recognized that declaring a mistrial is a drastic remedy which will only be employed where there has been grievous error. *State v. Silinzy,* 621 S.W.2d 114, 115 (Mo.App., E.D.1981). The law in Missouri has long been that the determination of whether to declare a mistrial rests largely in the discretion of the trial court. *State v. Escoe,* 548 S.W.2d 568, 571 (Mo. banc 1977). The trial court's decision will not be disturbed unless it is found that the trial court abused its discretion. *State v. Mitchell,* 651 S.W.2d 637, 639 (Mo. App., E.D.1983). Furthermore, error may be disregarded as harmless where the evidence of guilt is strong. *State v. Sykes,* 628 S.W.2d 653, 657 (Mo.1982). The trial court is in a superior position to judge the prejudicial effect of an error made during trial, and of deciding what actions short of a mistrial may be taken to remove any prejudice. *State v. Mitchell,* 651 S.W.2d 637, 639 (Mo.App., E.D.1983).

The prosecutor was engaged in conversation by some jurors after their verdict had been announced. He informed them that controlled substances had been found in defendant's possession at the time of his arrest and that other criminal charges were pending against him. The prosecutor was then told by jurors that they had viewed some seeds and leaves in the overnight bag during their deliberations. He immediately alerted the court.

■ The trial record shows that one or two seeds and a small amount of "leaves" or "foliage" were found in the overnight bag. A special voir dire of the jury panel was held by the court. All of the jurors were polled individually and each stated that the presence of the seeds and leaves had not in any way influenced their decision.

This court is sensitive to the potential for abuse and prejudice which may arise from the improper inclusion of evidence of uncharged crimes. In this case, however, the potential for prejudice was small where the items found were a few seeds and some leaves, and the individual jurors testified to the items' lack of influence on their decision. The trial judge's swift action in holding the special voir dire resolved the question of whether defendant suffered any prejudice. Further, the strength of the evidence is relevant to the issue of prejudicial error. *United States v. Faltico,* 687 F.2d 273, 275 (8th Cir.1982), *cert. denied,* 460 U.S. 1088, 103 S.Ct. 1783, 76 L.Ed.2d 353 (1983); *Osborne v. United States,* 351 F.2d 111, 118 (8th Cir.1965). In the instant case, the state's evidence against defendant was substantial. We hold that the trial court did not err in denying the motion for a mistrial.

■ Defendant's second point also alleges that the court erred in failing to grant a mistrial after it was learned during the special voir dire that one juror had "made up her mind" as to defendant's guilt before the trial's conclusion. Defendant argues that because this juror determined his guilt prior to the close of all of the evidence, her predisposition caused defendant to be convicted on an improper basis.

A jury must have open minds and be freely able to follow the law as declared by the trial court. *State v. Brown,* 547 S.W.2d 797, 799 (Mo. banc 1977). Appellate courts only interfere with a decision of a lower court where the record shows that there has been "a manifest abuse of [its] discretion and a real probability of injury to the complaining party." *State v. Betts,* 646 S.W.2d 94, 98 (Mo. banc 1983). "The decision to grant or deny a mistrial based on jury misconduct is a matter squarely within the trial court's discretion." *State v. Young,* 701 S.W.2d 490, 497 (Mo.App., E.D.1985).

Defendant has failed to show juror misconduct. At the time the juror reached her decision, both sides had rested, and the judge had informed the jury that the only additional evidence to be heard the following morning was a rebuttal witness for the state. In point of fact, defendant also introduced a rebuttal witness the next day. Defendant's witness, a firearms expert,

testified that the type of gun recovered from the restroom was a .32 caliber Iver Johnson Revolver, commonly known as a Saturday Night Special, and that approximately 40% of the firearms he encountered in his investigations are of this same, inexpensive type.

We do not believe that the juror's act constituted misconduct. She made her determination after both sides had formally rested, and after she had been told that only the state would be introducing additional evidence. Furthermore, even if her conduct could be considered a technical form of misconduct, it was harmless because she testified that she listened to the jury deliberations before casting her vote and she did not engage in debate during the deliberations. Consequently, her conduct could not have influenced the other jurors. The strength of the state's case also mandates that even if this is a technical violation, it should not be grounds for reversal. *State v. Sykes*, 628 S.W.2d 653, 657 (Mo. banc 1982). Point denied.

The judgment of the trial court is affirmed.

SIMON and STEPHAN, JJ., concur.