STATE of Missouri, Plaintiff,

v.

Darryl D. SIMMONS, Defendant.

No. 52576.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 15, 1987.

Holly Simons, Asst. Public Defender, St. Louis, for defendant.

William L. Webster, Atty. Gen., Sara Trower, Asst. Atty. Gen., Jefferson City, for plaintiff.

GARY M. GAERTNER, Presiding Judge.

Defendant was convicted by a jury in the City of St. Louis Circuit Court on one count of burglary second degree, RSMo § 569.-170 (1986), for which he was sentenced to one year imprisonment, and one count of unlawful use of a weapon, RSMo § 571.-030.1(1) (1986), for which he was sentenced to one year imprisonment and fined five dollars. The prison sentences are to run concurrently. On appeal, defendant alleges the trial court erred in (1) overruling his motion for judgment of acquittal at the close of all the evidence and (2) in refusing defendant's offered circumstantial evidence instruction. We affirm.

In March, 1986, John Carothers was the owner of the house at 5085 North Kingshighway in the City of St. Louis. In No-vember, 1985, an explosion occurred which forced Mr. Carothers and his family to vacate the premises. The property apparently remained uninhabitable, but Mr. Carothers left furniture and other property in the house. The windows and doors of the house had been subsequently boarded up. Mr. Carothers inspected the property nearly every day thereafter. On the evening of March 8, 1986, Mr. Carothers inspected the house and found all the boarding intact.

The next day at 11:30 a.m., police officer Hedrick arrived at the Carothers' North Kingshighway home and observed defendant and five others carrying furniture from the back door of the house. Officer Kuehner arrived shortly thereafter and inquired as to what was "going on." Defendant replied that the group was moving furniture for his girlfriend, Mary Carothers. No one named Mary Carothers ever lived in the house nor did Mr. Carothers give defendant permission to enter the house or remove furniture. The plywood covering the rear door had been removed, a rear window had been opened, and the house ransacked. The police officers arrested defendant and the five others, then took them to the police station.

While at the station, one of the suspects informed Officer Hedrick that defendant had a gun. A subsequent search revealed that defendant had concealed a .25 caliber Bauer automatic pistol in the crotch of his pants. Officer Hedrick removed the weapon and defendant was charged with the additional count of unlawful use of a weapon.

Defendant was tried by a jury in the City of St. Louis Circuit Court and convicted of one count of burglary second degree and one count of unlawful use of a weapon. Defendant appeals.

Defendant first argues that the trial court erred in denying his motion for judgment of acquittal on the burglary count at the close of all the evidence. Specifically, defendant alleges that the state failed to prove beyond a reasonable doubt that defendant entered the victim's home. We initially note that in reviewing a challenge

to the sufficiency of the evidence we view all the evidence, both direct and circumstantial, in the light most favorable to the verdict. We accept the evidence and inferences arising therefrom as true and will sustain the conviction if it is supported by sufficient evidence. *State v. Turner,* 623 S.W.2d 4, 6 (Mo. banc 1981), *cert. denied,* 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982); *State v. Meyer,* 694 S.W.2d 853, 855 (Mo.App., E.D.1985).

■ At trial, the state presented both direct and circumstantial evidence of defendant's participation in the burglary. In addition to defendant's presence at the scene of the burglary, a police officer viewed defendant carrying furniture from the back door of the house. The defendant had stolen property in his possession when the police officer arrived. Defendant attempted to evade the police with the false moving story which constituted an admission [1] from which the jury could have concluded that he had been in the house. This evidence together with reasonable inferences was sufficient for the jury to find that defendant had entered the victim's home. The trial court correctly overruled defendant's motion for judgment of acquittal.

■ In his second point on appeal, defendant argues that the trial court erred in refusing to give MAI–CR2d 3.42, an instruction which explains the nature and use of circumstantial evidence. Defendant contends that the evidence used to convict him of burglary was wholly circumstantial requiring the court to give the instruction to the jury. While it is true that the instruction is required in a case that is based solely upon circumstantial evidence, *State v. Bannister,* 680 S.W.2d 141, 148 (Mo. banc 1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985), the state presented both direct and circumstantial evidence in this case.

In response to the police officer's inquiry as to what was "going on" at the scene, defendant told the police that the group was moving furniture from his girlfriend's

house because there had been a fire. The story was not true. Untrue denials manifesting a consciousness of guilt constitute admissions. *State v. Zerban,* 412 S.W.2d 397, 400 (Mo.1967); *State v. Mouser,* 714 S.W.2d 851, 856 (Mo.App., W.D.1986). "Admissions or declarations against interest by a defendant are direct evidence of his guilt and do not require ... the giving of an instruction pertaining to circumstantial evidence such as MAI–CR2d 3.42." *State v. Sherrill,* 657 S.W.2d 731, 738–39 (Mo.App., S.D.1983). If the state presents any direct evidence, MAI–CR2d 3.42 is not mandatory. *State v. Walls,* 597 S.W.2d 868, 870 (Mo.App., E.D.1980). Defendant's false moving story amounted to an admission and was direct evidence. The state presented direct evidence of defendant's guilt, therefore MAI–CR2d 3.42 was not mandatory. The trial court correctly refused defendant's offered instruction. Point denied.

Having found no merit to defendant's allegations of error, the judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ., concur.

---

1. Any statement evincing a consciousness of guilt on the part of a criminal defendant is an admission. *State v. Patterson,* 516 S.W.2d 571, 573 (Mo.App., E.D.1974). See also *infra* text for a discussion of defendant's false moving story as an admission.