STATE of Missouri, Respondent,

v.

John D. WHITLEY, Appellant.

No. 53769.

Missouri Court of Appeals, Eastern District, Division One.

May 24, 1988.

J. Kevin Hamlett, Mexico, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant John Whitley was convicted by a jury of unlawful use of a weapon (exhibiting), RSMo § 571.030.1(4) (1986), for which he was sentenced to one year imprisonment and fined one hundred dollars. On appeal defendant alleges the trial court erred in allowing the prosecutor to elicit testimony from a State's witness regarding an incident in which defendant stated his anticipation of being convicted and sentenced. Defendant argues that the testimony was irrelevant, prejudicial, and should have been excluded. We affirm.

On the evening of December 2, 1986, four officers from the Mexico Public Safety Department responded to a "911" call from defendant's residence. Upon arriving at the scene the officers noticed a broken window on the side of the house. After defendant answered the door, the officers received permission to enter the premises and they began to investigate. Defendant told the officers that someone had broken in. The officers testified that defendant appeared intoxicated. While searching the premises the officers noticed the butt end of a hand gun protruding from underneath a pillow. When an officer questioned defendant about a cut on his hand, defendant became agitated and ordered the officers to leave.

After returning to the police station the department received another call to respond to defendant's residence. Upon arriving at the scene the officers approached the house with caution because defendant was intoxicated and possessed a weapon. Officer Blanke went up to the front door and knocked with the end of his flashlight. When defendant answered the door he pointed a hand gun at officer Blanke. Officer Blanke quickly fled the premises. The officers then retreated to safer positions and awaited backup assistance. After the situation stabilized, the police blocked both ends of the street to prevent citizens from entering the area and placed an officer from the last shift to watch the house and ensure defendant caused no more trouble. The next day several officers went to defendant's residence with a search warrant. The officers seized a .38 caliber revolver and some ammunition. Later that afternoon the officers returned and arrested defendant.

On appeal defendant argues that the trial court erred in allowing the State to introduce testimony regarding an incident in which defendant went to the county jail the day before trial and indicated his belief that he would be convicted and sentenced. Deputy Sheriff Beverly Brothers testified

that on June 24, 1986, the day before defendant's trial, defendant went to the Audrain County jail and inquired as to the address of the same. Deputy Brothers asked defendant why he needed the address. Defendant responded that he thought he would be doing some time in jail. Deputy Brothers asked defendant if he had been sentenced. Defendant replied that he had not and went on to state that "knowing the prosecution and the defense, I'll probably be doing some time." Defense counsel filed a motion in limine to prevent the State from introducing evidence regarding this incident. The court overruled the motion. Defense counsel again objected when the testimony was offered at trial which the court also overruled.

 Defendant argues that Deputy Brothers' testimony regarding this incident was irrelevant and prejudicial. The State characterizes defendant's statement as an admission. "Any statement evincing a consciousness of guilt on the part of a criminal defendant is an admission." *State v. Simmons,* 737 S.W.2d 488, 490 (Mo.App.,E.D. 1987). Defendant argues in brief that his statement, "knowing the prosecution and the defense, I'll probably be doing some time," showed a fear of conviction or a lack of faith in his trial counsel rather than a consciousness of guilt. We believe that a permissible inference of guilt could be drawn from defendant's statement and actions. A statement need not be an express acknowledgment of guilt to qualify as an admission; instead we look to all the circumstances. *State v. Bannister,* 680 S.W. 2d 141, 148 (Mo. banc 1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985).

Further, in matters involving the admission of evidence, we review for prejudice, not mere error. *State v. Motley,* 740 S.W.2d 313, 317 (Mo.App.,E.D.1987). We will only reverse if the error was so prejudicial that it deprived defendant of a fair trial. *Id.* Even if a trial court incorrectly allows irrelevant testimony to be admitted, such error may be disregarded as harmless where, as here, the evidence of defendant's guilt is very strong. *Id. See also State v. Beasley,* 731 S.W.2d 255, 257 (Mo.App.,E.D. 1987). The State presented strong evidence of defendant's guilt. Officer Blanke testified that defendant pointed a gun at him. At trial Officer Blanke identified the gun seized from defendant's residence as the gun defendant pointed at him. Other officers testified as to Officer Blanke's hurried exit from defendant's premises. In light of the strong evidence presented by the State any error in allowing Deputy Brother's testimony was clearly harmless error.

Finding defendant's argument to be without merit, defendant's conviction is affirmed.

REINHARD and CRIST, JJ., concur.