**2**

STATE of Missouri, Respondent,

v.

Raymond DEVEREUX, Appellant.

Raymond DEVEREUX, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 58327, 58936.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 30, 1991.

John Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

In this consolidated appeal, appellant, Raymond Devereux, appeals his conviction in the Circuit Court of St. Louis County for stealing more than $150.00, RSMo § 570.-030 (1986), for which he was sentenced, as a prior offender, to seven years in prison. Appellant also appeals the dismissal of his Rule 29.15 motion without an evidentiary hearing. The conviction for stealing over $150.00 is affirmed, the dismissal of appellant's Rule 29.15 motion is remanded to the motion court.

On May 10, 1987, Jackie Devereux, the stepmother of the appellant, returned home from a trip to Baltimore to find the front door of her home unlocked and open about a foot. Ms. Devereux went inside the home, called the police and checked each room of the house. A 25-inch console television and a VCR were missing from the family room and a portable television was missing from the kitchen. Several pieces of jewelry and some guns were taken from the bedroom. When the police arrived, a neighbor informed them that she had seen the appellant removing some of the stolen items.

An indictment was filed on September 17, 1988, charging appellant with second-degree burglary, RSMo § 569.170, stealing a firearm, RSMo § 570.030.3(3)(d) and stealing over $150.00, RSMo § 570.030(1). On November 28, 1988, the State filed an information, in lieu of indictment, that alleged, in addition to the above charges, that appellant qualified as a prior offender. RSMo §§ 558.016 and 557.036.2(2).

On October 30, 1989, appellant filed a motion in limine to prevent prosecution witnesses from testifying that the appellant had previously burglarized the Devereux residence. The court granted this motion. The State then requested, and the court

entered, an order *nolle prosequi* on the stealing a firearm charge.

The case went to trial on October 31, 1989. During the direct examination of Barbara Vickers, a State witness, the following exchange took place:

Q [Prosecutor]: During the time you were in the car or any time, did you ever ask anybody if there had been a burglary or anything of that nature?

A [Ms. Vickers]: I didn't ask. I just asked him he could do that to his father.

Q Who did you ask that to?

A Raymond.

Q What was his response?

A "Don't worry, it's happened before."

This testimony was admitted without objection by defense counsel. During closing argument, however, defense counsel did voice an objection:

THE COURT: You have two minutes.

MR. EVANS: Thank you, Your Honor.

She asked the defendant, "How could you do that to your own dad?" He said, "Don't worry, I've done it before."

MS. BROWN: Objection, Your Honor. There was no evidence to that. May we approach the bench, please.

(Counsel approached the bench and the following proceedings were had):

MS. BROWN: Your Honor, there was no testimony that Miss Vickers said he's—

THE COURT: What?

MS. BROWN: There was no testimony that Miss Vickers said he's done this before. We had a motion in limine to preclude the State from bringing up any evidence that the burglaries had taken place before. Miss Vickers never said that.

I'm going to have to ask for a mistrial at this time. He's violated the Court order stating that there's—there will be no evidence presented of burglaries before this.

MR. EVANS: Your Honor, she specifically stated that during her direct examination from me, I recall that.

MS. BROWN: She didn't, Your Honor.

THE COURT: Well, I don't recall if she did or not.

MR. EVANS: That was without exception.

MS. BROWN: My recollection is that she did not. I would have objected if she said he's done this before. I would have objected if she said he had done this before.

THE COURT: Well, by "done this," are you referring to a burglary before?

MS. BROWN: Correct.

THE COURT: I thought we covered something like this in the motion in limine.

MS. BROWN: Correct. Because—

THE COURT: I can't recall off the top of my head whether she stated or not. My offhand recollection is that she did not. So I'm going to sustain the objection.

MS. BROWN: And my motion—

THE COURT: And I'll admonish the jury to disregard the last statement.

MS. BROWN: And my request for a mistrial, Your Honor?

THE COURT: It will be denied.

■ On November 2, 1989, the case was submitted to the jury. The jury returned its verdict later that same day. The appellant urges, as his sole ground on direct appeal, that the trial court erred in failing to declare a mistrial when the prosecutor, during closing argument, stated that the appellant had previously burglarized his parents' home. We disagree.

In *State v. Motley*, 740 S.W.2d 313 (Mo. App., E.D.1987), this court faced a very similar situation. In *Motley*, the prosecutor commented on earlier testimony by a police officer that had been received without objection. *Motley*, 740 S.W.2d at 316. When defense counsel objected to the State arguing this evidence, the objection was overruled as untimely. *Id.* This court held that the trial court did not commit error in overruling the objection to the State's argument because the evidence had been previously admitted without objection. *Id.* at 317.

■ In the instant case, defense counsel never objected to Ms. Vickers' statement to the effect the appellant had previously bur-

**4** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

glarized the Devereux home. The State was, therefore, entitled to argue this evidence. We further note that, even if the remark by the prosecutor was objectionable, defense counsel's objection was sustained, and a curative instruction was administered to the jury. Consequently, we fail to see how the appellant could have been prejudiced. Appellant's first point is denied.

▮ Appellant also alleges that his Rule 29.15 motion for post-conviction relief was prematurely dismissed by the trial court. An examination of the record discloses that appellant's motion was dismissed on July 23, 1990, nearly five months *before* the transcript was filed with this court on December 17, 1990. The Missouri Supreme Court, in *State v. White*, 798 S.W.2d 694 (Mo. banc 1990), has interpreted Rule 29.-15(f) to mean that an amended motion is due by appellant's counsel at the earlier of (a) thirty days after the transcript has been filed and counsel appointed, or (b) thirty days after the transcript has been filed and non-appointed counsel has entered an appearance. *Id.* at 696.

From the record, the trial court appears to have dismissed appellant's Rule 29.15 motion prematurely. The dismissal is therefore reversed and the motion remanded.

CRIST and AHRENS, JJ., concur.