STATE of Missouri, Respondent,

v.

Reginald HENDERSON, Appellant.

Reginald HENDERSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65993, 67819.

Missouri Court of Appeals, Eastern District, Division Two.

March 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1996.

Nancy L. Vincent, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Cheryl A. Caponegro, Asst. Attorney General, Jefferson City, for Respondent.

CRANDALL, Judge.

Defendant, Reginald Henderson, appeals from judgments of conviction, after a jury trial, of murder in the second degree and armed criminal action. He was sentenced to twenty-two years for second degree murder and a concurrent three year term for the armed criminal action. Defendant also appeals from the denial of his Rule 29.15 motion, after an evidentiary hearing. We affirm.

During the evening of Oct. 25, 1992, defendant visited the second floor apartment of the victim, Sonya Jones. Ms. Jones lived in a four family flat with her children, Adrian, Ashley, Antoine, and Maleek. At his mother's direction, Adrian let the defendant, an occasional visitor, into the apartment. The defendant asked to use the bathroom. With the defendant in the bathroom, eight year old Ashley and her mother watched television in the bedroom while the rest of the children slept. More than thirty minutes later, the defendant came out of the bathroom. The defendant and Ms. Jones went downstairs and began whispering by the front door. Ashley left the bedroom and went to the railing at the top of the stairs to listen. She watched her mother and defendant through a hole in the railing as the whispering escalated into an argument. Ms. Jones told defendant to "get out," and started to run up the steps. When her mother was halfway up the stairs, Ashley heard the first gunshot. Ashley left the railing and ran back to her mother's bedroom. She heard more gunshots. Looking through a peephole into the living room, Ashley saw defendant shooting at her mother. After the shooting stopped, Ashley grabbed her youngest brother, who was sleeping in her mother's room, and rolled behind the bed. She heard defendant run down the steps and out of the apartment. Ashley then woke Adrian, the oldest child, and both children ran across the street to a neighbor's house for help. The victim bled to death from a gunshot wound to the head before medical assistance arrived a short time later. Bullets and bullet fragments from a .38 and a .44 caliber gun were found surrounding the victim's body.

The next day, defendant went to the police station with his wife. Defendant denied being at the victim's apartment the prior evening, claiming instead to have visited friends with his wife. Defendant was placed in a police lineup, and identified by Ashley as the man who killed her mother. Adrian identified defendant in a separate lineup. Both children described clothing worn by defendant the night before, mentioning he wore glasses and a hat. Ashley also identified the color of defendant's car.

After being told of the lineup identification, defendant reiterated his alibi. The police searched defendant's home and confiscated clothing described by the witnesses. The defendant finally admitted he lied after the police told him that the children had identified his clothing. He stated that he had visited the victim on Oct. 25, but did not go inside the apartment. At trial, defendant presented no evidence.

Defendant first challenges the sufficiency of the evidence supporting his convictions. We have reviewed the record on appeal; there was substantial evidence adduced to support the convictions. No jurisprudential purpose would be served by a written opinion on this point. Defendant's first point is denied. Rule 30.25(b).

In his second point, defendant contends the trial court erred in denying a motion for mistrial when the jury indicated it found "new evidence." At trial, Dr. Phillip Burch, the forensic pathologist, testified that there was no gunshot wound in the buttock area. The jury, during its deliberations, requested and received all photographs, maps and drawings admitted into evidence. After reviewing the evidence, the jury requested a meeting with the judge by sending the following note, "State's exhibit 17—gunshot wounds on buttock. Would it be possible to have a conference with Judge Forder?" After being told by the court to put all questions on the proper form, the jury submitted the following:

"The jury has evidence that corroborates [eyewitness] testimony. This evidence was not presented in trial and actually contradicts [the medical examiner's] testimony. This evidence will in all probability be the difference between a guilty and not guilty verdict. Is this evidence addmissable [sic]? Is the jury's discovery grounds for a special ruling by yourself? Please refer to Exhibit 12 (wounds in buttock)."

The judge, in reply, instructed the jury: "All the testimony and all the photographs are evidence and you must reach your decision in view of all the evidence."

A trial court may grant a new trial when a jury receives "any evidence, papers or documents, not authorized by the court" or when a jury has "been guilty of any misconduct tending to prevent a fair and due consideration of the case." § 547.020, RSMo (1994). A new trial is required only if defendant has been prejudiced. *State v. Beasley*, 731 S.W.2d 255, 257 (Mo.App.1987). Innocuous evidence brought into a jury room, such as a map or a dictionary, does not necessarily prejudice the defendant. *State v. Kelly*, 851 S.W.2d 693, 695 (Mo.App.E.D.1993); *State v. Viviano*, 882 S.W.2d 748, 751 (Mo.App.E.D. 1994).

Here the jury did not bring in materials of its own. The photographs the jury referenced in its notes to the judge were properly admitted into evidence. The fact that the jury may have found evidence of gunshot wounds in the buttocks, not noted in Dr. Burch's testimony, is not new evidence. The jury simply weighed the evidence to assess witness credibility and reach a verdict. Finding no error, defendant's second point is denied.

In his third point, defendant claims the trial court erred in receiving a police report into evidence as a business record to establish the measurement and location of the bullet holes at the scene of the murder.

To admit a record as evidence, the custodian or other qualified witness must testify to the mode of preparation, that the record was timely made in the regular course of business, and that the source was such that admission was justified. § 490.680, RSMo (1994).

The state used the detective's testimony in establishing a foundation to admit the police record as a business record. The detective identified the police record, testified that he

was familiar with it and that it was prepared in the normal course of business of the police homicide unit, and that the record was prepared shortly after the murder had taken place. Further, the witness was on the scene of the murder and was one of several officers who prepared the report in accordance with standard police procedures. Clearly there was a sufficient foundation to admit the police report as a business record.

In addition, the theory of the defense was that defendant was not at the scene of the murder. Since his defense was that he was not present, defendant was not prejudiced by evidence of the number and position of bullet holes at the scene. Defendant's third point is denied.

The fourth and final point raised by the defendant is whether the motion court erred in denying a Rule 29.15 motion following an evidentiary hearing. The judgment of the trial court is based on findings of fact that are not clearly erroneous; no error of law appears. An opinion on this point would have no precedential value. Defendant's final point is denied. Rule 84.16(b).

The judgment of the trial court on direct appeal and the judgment of the motion court on defendant's Rule 29.15 motion are affirmed.

CRAHAN, P.J., and DOWD, J., concur.